THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP E. MILLER, Relator, v. FREDERICK W. WURSTER, Commissioner of the Fire Department of the City of Brooklyn, Respondent.

| 91 | 233 |
|---|---|
| 149a | 549 |
| 91 | 233 |
| 13ap | 70 |
| 91h | 233 |
| 50ad360 | |

*Brooklyn — discharge of a fireman — sickness is an excuse for an absence from duty — certiorari — how far additional papers will be considered on the hearing.*

Where a writ of certiorari has been issued to review the determination of an officer of a city and the return fails to meet all the facts contained in the writ and in the papers on which it was granted, the hearing and decision of the case must be upon the return, the writ, and the papers upon which it was granted.

Where a fireman of the city of Brooklyn procures such a writ to review his dismissal from the fire department and the respondent to the writ, the commissioner of the fire department, annexes to his return the record of the relator as a member of the department during the whole time of his service, which the relator had had no opportunity to explain, the court will consider this record only so far as it tends to show that matters, other than the charges in question and the proceedings on the trial of the relator, were permitted by the respondent to influence his judgment and the decision which he reached.

Under the provisions of section 9 of title 13 of chapter 583 of the Laws of 1888, as amended by section 2 of chapter 371 of the Laws of 1889, absence from duty without leave of a fireman belonging to the Brooklyn fire department and employed upon the force for extinguishing fires is not an offense which will justify his removal.

Such a fireman can only be removed from his position after he has been found guilty of misconduct or of neglect of duty or after he has been adjudged incapable of performing his duty.

A voluntary intentional absence from duty may be deemed a neglect of duty, but an involuntary absence caused by sickness or by an injury is excusable.

CERTIORARI issued out of the Supreme Court and attested on the 25th day of January, 1895, directed to Frederick W. Wurster, commissioner of the fire department of the city of Brooklyn, commanding him to certify and return to the office of the clerk of the county of Kings as amply as the same remain before him the appointment of Philip E. Miller as a member of the fire department of the city of Brooklyn, and all the proceedings had touching the removal and dismissal of said Miller from said fire department, the charges preferred against him on December 31, 1894, and January 1 and 3, 1895, together with all the testimony taken at the

SECOND DEPARTMENT, DECEMBER TERM, 1895.    [Vol. 91.

hearing on said charges and all statements made at said hearing by said Miller in order that the same might be reviewed by the court.

*Edward F. O'Dwyer*, for the relator.

*H. O. Wood*, for the respondent.

DYKMAN, J. :

Under section 2138 of the Code of Civil Procedure the hearing and decision of this case is to be upon the return and the writ and the papers upon which such writ was granted, because the return fails to meet all the facts contained in the writ and the papers upon which such writ was granted. The facts which appear from such papers are these : On the 9th day of December, 1890, the relator was appointed a fireman in the fire department of the city of Brooklyn, and was employed on the force for the extinguishment of fires.

He continued to hold that office until the 8th day of January, 1895. On the 3d day of January, 1895, he was charged with intoxication on the evening of January 2, 1895. He was also charged with absence without leave on December 30 and 31, 1894, and January 2 and 3, 1895.

On the hearing before the respondent the relator admitted his absence from his company's quarters at the times alleged, but he says in his petition, and the statement is recited in the writ, that he stated to the respondent that his absences were caused by reason of his sickness and inability to perform duty during the times specified in the charges.

The facts constituting the cause of such involuntary absences are fully set forth in the petition of the relator upon which the writ was obtained, and they are sudden and severe sicknesses.

The respondent has annexed to his return the record of the relator as a member of the fire department from the time of his appointment in December, 1890, but it was not given in evidence upon the trial, and the relator was offered no opportunity to explain it.

It will not, therefore, be considered on this hearing, except as it has a tendency to show that matters other than the charges against the relator, above referred to, and the proceedings on his trial were permitted to influence the respondent in forming his judgment. It is alleged in the petition upon which the writ was granted that the

relator was not intoxicated on the night of January 2, 1895, as charged, and that the several absences without leave were involun- tary and were caused solely by the sickness of the relator. The return is silent as to these allegations, and on this hearing they must be considered and taken as a correct and truthful statement of the facts.

The nature of the complaint with which the relator was afflicted, and his several attempts to procure the necessary medical aid from the surgeon of the department, to which he was entitled as a member, are fully set forth in the petition, and, if not true, it was within the power of the respondent to prove their falsity. An examination of the testimony shows that the relator was not guilty of the charge of intoxication, and that question will require no further consideration. The return of the record of the relator suggests its possible use against him, and that use was erroneous. No opportunity was afforded him to explain or answer the record which was made up without his knowledge, and its use against him was palpably unjust. Under the statute (Laws of 1888, chap. 583, tit. 13, § 9), as it was amended by section 2 of chapter 371 of the Laws of 1889, absence without leave is not an offense for which a member of the department employed on the force for extinguishing fires can be removed. Such a member can only be removed after having been found guilty of misconduct or neglect of duty, or after having been adjudged incapable of performing his duty. Moreover, the plea of guilty of being absent without leave, accompanied with an explanation of the cause which necessitated the same, was insufficient to justify the removal of the relator. While a voluntary intentional absence might be deemed a neglect of duty, and sufficient as a specification under such a general charge, an involuntary absence necessitated by an injury, or a sudden attack of sickness, is excusable and merits no punishment.

These proceedings are criminal in their nature. The penalties are severe, and it would contravene the humanity of our laws to inflict punishment for the involuntary act mentioned. If the dismissal of this relator is legal and valid, then a foreman who receives a severe injury in the performance of his duty, which incapacitates him physically and confines him to his house, may be removed for such absence; but the law will not tolerate such a result. The

offenses must be voluntary and intentional. The dismissal of the relator was illegal and unjust, and the proceedings should be reversed, and he should be reinstated in his position and pay, with fifty dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Determination reversed and proceedings dismissed, and relator reinstated in his position, with fifty dollars costs and disbursements.