(13 App. Div. 69.)

PEOPLE ex rel. CAMPBELL v. BOARD OF POLICE COM'RS et al.

(Supreme Court, Appellate Division, Third Department.   January 6, 1897.)

LEWDNESS—INDECENT EXPOSURE—EVIDENCE.
    The removal of a policeman on a charge of indecent exposure is not warranted where it is shown that he stood in an exposed condition in the door of an outhouse in the rear of his premises, but not that he knew that any one saw him, as the presumption that the exposure was unintentional is not overcome.

Certiorari by William L. Campbell, chief of police of the city of Schenectady, to review the decision of the board of police commissioners removing him from office.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Hastings & Schoolcraft (Alonzo P. Strong, of counsel), for relator.
S. W. & A. H. Jackson (S. W. Jackson, of counsel), for respondents.

PUTNAM, J.   The relator, William L. Campbell, was appointed chief of police of the city of Schenectady on the 23d day of December,

1872, and served as such officer until removed by the police board of said city, on the 3d day of July, 1896,—a period of over 23 years. He was entitled to hold his office during good behavior. It does not appear that during his extended period of service he was found guilty of any nonperformance of duty, or convicted of any offense, until the alleged one for which he was removed. Under the statutes relating to the city of Schenectady, the police board thereof had power to remove him on proof of charges preferred against him, in writing, of illegal, corrupt, or otherwise improper conduct. On the 30th day of July, 1896, one Lewis Friday made a written complaint to the said police board, charging relator with a willful, unlawful, and intentional exposure of his person and private parts in the month of July or August, 1895. The relator was notified of the charge, a trial was had, and the police board adjudged that Campbell was guilty of the offense set forth in the charge, and dismissed him from his office as chief of police. In such a case as this, we are authorized to inquire, not only whether there was any competent proof of all the facts necessary to be shown to sustain the finding of the police commissioners, but also to consider the evidence, and, if we find a preponderance of evidence against the determination of the police board, to reverse their determination. People v. French, 119 N. Y. 502, 23 N. E. 1061. The proof before the police board was sufficient to show that the relator exposed his person at the time and place stated in the charge. But something more was necessary to be shown to sustain a conviction. It was necessary to show that he "willfully and lewdly" exposed his person (Pen. Code, § 316); that he had been guilty of an intentional, wanton, and indecent exposure of his person (Miller v. People, 5 Barb. 203). As held in the case last cited, the intent with which the act was done was a material ingredient of the offense. The criminal intent must be proved, or appear from the evidence. If it appeared before the police board that the exposure of his person by the relator at the time and place mentioned in the charge was a heedless, inadvertent, unintentional act, he should have been acquitted. If the evidence justified the finding that there was a willful, intentional, wanton exposure of his person, the finding of the police board should be sustained. The proceeding was criminal in its nature. People v. Wurster, 91 Hun, 233–235, 36 N. Y. Supp. 160. And hence the relator was entitled to the same presumption in his favor that would have existed if the said charge had been made against him in a criminal court. He had acted as chief of police for over 23 years, and it does not appear that he had before been convicted of any offense of malfeasance in office. Under all the circumstances, the presumption was rather that the exposure of his person was unintentional, than that it was a willful, lewd, and wanton act. The relator, on the trial before the police commissioners, was entitled to the benefit of this presumption. We are unable to find in the case any evidence to overcome this presumption. Had the relator exposed his person in a public street or place, or in a room where there were other people, proof of the act would have raised the presumption of a criminal intent. But in

this case the exposure was at the door of the water-closet in his yard, in the rear of his premises. As Mrs. Friday testified, his clothes at the time were in the condition that they would have been if he had been using the closet for legitimate purposes. It does not appear that relator saw either of the two witnesses who testified to the exposure, or that he was conscious of being within their view. Mrs. Friday said his eyes were turned towards where she stood, not that he saw her. Mr. Friday testified at one time that relator's face was turned towards him, but he could not see just what way his eyes glanced. Again, he said that, when he went outside, Campbell, as he saw him, disappeared inside the water-closet. Neither of the witnesses ever saw Campbell at the closet before or after the occurrence. The relator at the time did not make any "motions or indications" or sound. Without attempting to discuss the testimony at length, we are of opinion that all the circumstances and testimony in the case indicate that the exposure of his person by the relator, as testified to by the complainant and his wife, was an inadvertent act, and not the intentional, wanton, and lewd exposure of his person with which he was charged. As above suggested, the exposure of his person by relator at the door of his own water-closet, in his rear yard, under all the circumstances, should be presumed an unintentional, and not a criminal, act. We find no evidence to overcome this presumption; but, on the contrary, all the testimony and circumstances tend to show his innocence of the charge made against him.

The determination of the police board should be reversed, with $50 costs and disbursements. All concur.