# Truett *v*. The State.

### *Indecent Exposure of Person.*

(Decided Jan. 18, 1912. 57 South. 512.)

1. *Obscenity; Indecent Exposure.*—Indecent exposure of the person in a public place, wilfully and intentionally, in the presence of an assembly, is an offense at common law.

2. *Same; Indictment.*—An indictment for indecent exposure of the person, in a public place, knowingly and wilfully, need not allege that the act was a nuisance, as the act itself constitutes a public nuisance.

3. *Same; Intent.*—Where the offense of indecent exposure of the person is intentionally committed at such a time and in such a manner as to offend public decency, the intent may be inferred from the act and the recklessness with which it is committed.

4. *Same; Assembly.*—The offense of indecent exposure of the person, at common law, is committed, if in a public place, if done in the presence of more than one person.

5. *Same; Punishment.*—On conviction of indecent exposure of the person in a public place, the punishment is properly imposed as authorized by section 7622, Code 1907.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

[Truett v. The State.]

Flora Truett was convicted of indecent exposure of person, and appeals. Affirmed.

The indictment is as follows (omitting charging part) : "Flora Truet, alias Truit, whose name is to the grand jury otherwise unknown, then and there in a public place willfully and intentionally made an indecent exposure of her person, then and there making an uncovered exposition of her person, to wit, her privates, in the presence of divers persons then and there assembled. (2) Flora Truet (alias, etc., as in first count) then and there in a public place, to wit, a public road or highway, near Hughey Nappier's residence, in said county, willfully and intentionally made an indecent exposure of her person by then and there openly and notoriously making an uncovered exhibition of parts of her person, to wit, her legs and private parts, in the presence of divers persons then and there assembled, against, etc.

The judgment was guilty, and a fine of $25 and all the costs in that behalf expended.

E. L. WHATLEY, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient as it was not necessary to allege that the act was a nuisance.—29 Cyc. 1314, et seq.; *Regina v. Thallman*, 9 Cox. C. C. 388.

PELHAM, J.—The indictment charges an indecent exposure of the person in a public place, willfully and intentionally made by the defendant in the presence of an assembly of divers persons.

The offense charged is indictable and punishable at common law. 29 Cyc. p. 1316; 1 Wood on Nuisances, c. 2, § 57.

The indictment contains the necessary averments to constitute the common-law offense, and the defendant's demurrers are not well taken. No averment is necessary that the act was a nuisance, as the act complained of under the circumstances alleged is per se a public nuisance. It is a nuisance and punishable at common law because it is an act malum in se, when committed as alleged in the indictment, affecting the public morals. A public nuisance, because it is violate of the rules of propriety, noxious to moral sensibilities, outrages decency, shocks, and is offensive to those feelings of chastity that people of ordinary respectability entertain, and has a tendency to corrupt the public morals. I Wood on Nuisances, c. 2, §§ 23, 24, 57; Joyce's Law of Nuisances, c. 2, § 15; *Rex. v. Crunden,* 2 Campbell, 89.

The offense is complete if the act is intentionally committed at such time and place and in such manner as to offend against public decency, and the intent may be inferred from the recklessness of the act.—*Van Houten v. State,* 46 N. J. Law, 16, 50 Am. Rep. 397.

It is sufficient at common law that the act be committed in a public place in the presence of more than one person.—*State v. Rose,* 32 Mo. 560; *State v. Millard,* 18 Vt. 574, 46 Am. Dec. 170; *State v. Roper,* 18 N. C. 208; *Grisham v. State,* 2 Yerg. (Tenn.) 589; *Regina v. Orchard,* 20 Eng. Law & Eq. 597, 600.

The judgment of conviction and fine imposed was authorized. Code 1907, § 7622.

There is no error shown by the record, and the case will be affirmed.

Affirmed.