## MOSTYN et al. v. UNITED STATES.
### No. 5693.

Court of Appeals of the District of Columbia.
Argued Oct. 5, 1932.
Decided Feb. 27, 1933.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellants.

Leo A. Rover, U. S. Atty., of Washington, D. C.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a conviction and sentence of two police officers of the District of Columbia for an alleged assault upon a prisoner in their custody at a police station in the city of Washington. Four police officers were jointly indicted on two counts, the first charging assault with a deadly weapon, being a piece of rubber hose held in the hand of Mostyn; while the second charged simple assault against all defendants by beating with the hands.

The four defendants were tried together, two being acquitted on both counts, while Mostyn and Laflin were acquitted on the first count but convicted of simple assault on the second, sentenced to pay a fine of $500, and to imprisonment for one year, being the maximum penalty for simple assault under the statute.

From this judgment the appeal is taken.

The assault was alleged to have been committed upon one Harker, who appeared as complaining witness in the prosecution, and who had been arrested for supposed complicity in the burglary of a lunchroom near his place of employment and residence.

He was arrested in a neighboring alley; was booked for investigation at the police station; and the assault is alleged to have occurred while he was being questioned by the defendants concerning the burglary and his possible connection therewith. The record presents twenty-eight assignments of error which can be conveniently grouped for

discussion here as they were grouped in the appellant's brief.

Assignments of error numbered 1 to 7, 12 and 14 are based upon rulings of the trial justice on questions of evidence, all resting in the discretion of the judge in controlling the course of the trial.

■ So, complaint is made that a witness was permitted to testify that Harker rented a room over the bakery where he worked, but was not allowed to be asked what rent he paid; while another witness was not permitted to testify that Harker was without money at the time of the burglary; or what the custom of the police is regarding articles supposed to have been bought with stolen money; and as to contradictory statements elsewhere made without sufficient foundation having been laid therefor.

We have examined these rulings in the circumstances in which they arose, and regard them as properly made, for it was of some importance to the issues before the court to show that at the time of Harker's arrest he was proceeding in the direction of his room, while it was of no importance to show how much rent he paid for it, or had agreed to pay for it; or whether he was in possession of money at the time of the burglary; or what the custom of the police may be as to clothing supposed to have been bought with stolen money, since the question being tried was whether the police officers assaulted their prisoner, and not whether the prisoner was guilty of the prior burglary.

■ And so as to the alleged lack of foundation for questioning the witness Fitzgerald touching contradictory statements elsewhere made, for the record shows that these statements were supposed to have occurred in a paper signed by the witness which was offered to him in court by the district attorney before the present question arose, and which statements he undertook to explain as misunderstandings. The presentation to him of this paper in court was a sufficient notice of time, place, and circumstance to permit his cross-examination regarding his statements in that paper. Gordon v. U. S., 53 App. D. C. 156, 289 F. 552; Ayers v. Watson, 132 U. S. 394, 10 S. Ct. 116, 33 L. Ed. 378; Chicago, M. & St. P. R. Co. v. Artery, 137 U. S. 507, 11 S. Ct. 129, 34 L. Ed. 747.

■ The ninth assignment of error is based on a ruling limiting cross-examination.

A physician was called by the government who testified as to his examination of the complaining witness Harker, upon whose body he found certain indications of violence.

On direct examination he testified that Harker was brought to his office by a lawyer, who was a friend of the doctor, and for whom he had testified in accident cases.

On cross-examination he testified that the lawyer had represented him in some matters of legal business and he considered him a very good friend.

Counsel for the defendants then proposed to ask the witness if the lawyer had acted as his personal attorney in a proceeding before a grand jury involving a charge of abortion against the witness, which had been subsequently dropped.

The court sustained an objection to this question on the ground that it was too remote; which it was, in addition to being inherently improper and scandalous, as impeachment of that sort proceeds upon conviction and not indictment or attempted indictment.

For, while it was clearly the right of the defendants to reveal the relations existing between the medical witness and the complaining witness in the prosecution, this had been done to a reasonable degree by showing the friendly personal and professional relations existing between the physician and the lawyer who brought these witnesses together. And the subject might have been further pursued by proper questions, but the particular question excluded could afford no basis for any legitimate inference impeaching the credibility of the witness, and was therefore properly excluded. Horton v. U. S., 15 App. D. C. 310; Harris v. U. S., 59 App. D. C. 355, 41 F.(2d) 999; Blitz v. U. S., 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725; Davis v. Coblens, 174 U. S. 719, 19 S. Ct. 832, 43 L. Ed. 1147.

Assignment No. 12 relates to the photograph of the prosecuting witness admitted in evidence.

■ This photograph was taken on the day of his release by the police, and was identified by three witnesses, the examining physician testifying that it was a very good picture of the case, in showing certain welts across the back, which in his opinion had been made by a rubber hose or a flexible whip.

The objection to the photograph was based largely on the testimony of another physician, who never saw the patient, but expressed his opinion that the marks shown on the photograph were due to an internal de-

rangement, or to an irritation of the skin, and not to blows with a rubber hose or other flexible instrument.

We think the photograph was properly admitted, and the weight of contradictory medical opinion properly left to the jury, where all defendants were acquitted of all connection with the rubber hose. State v. Ellwood, 17 R. I. 763, 24 A. 782; Commonwealth v. Morgan, 159 Mass. 375, 34 N. E. 458; Blair v. Inhabitants of Pelham, 118 Mass. 420.

■ Assignments of error numbered 15 and 26 are based upon rulings relating to the effect of the prior convictions of the complaining witness upon his testimony in this case.

When called by the prosecutor, he testified to prior convictions of joy riding and of larceny in this jurisdiction, and of a conviction of larceny in Atlantic City.

The defendants requested the court to charge "that the convictions of crimes of the witness Harker were admitted for the purpose of affecting his credit as a witness. The jury are entitled to consider whether they would give his testimony as much credence as they would the testimony of a person who was not convicted of crime."

The court refused this prayer, and in its general charge said: "I think you gentlemen understand from your experience the purpose of allowing that testimony of previous convictions. It is to shed light upon the credibility of the witness, and you will consider it of course, and consider whether Harker, in view of these convictions, ought to be believed. But you will consider it in the light of the testimony he gave on the stand, the impression he made upon you; consider it in the light of all the other testimony in the case, as a mere circumstance as you will consider all other circumstances reflecting upon the credibility of Harker's testimony."

While the reference in one phrase of this charge to the prior convictions of the witness as a mere circumstance for consideration of the jury, if standing alone and unexplained, might possibly have had a tendency to narrow the statute and rule of evidence to the prejudice of the defendants, it did not stand alone and unexplained, for, after the general charge had been given, and exception taken to its statements touching the prior convictions, the court added, "I will repeat to the jury that the criminal record of a man will be considered as bearing upon the credibility of his testimony."

And again, when the district attorney requested that something be said by the court regarding the testimony tending to show that Harker might be guilty of the burglary under investigation, the court stated that such evidence should be considered on the question of Harker's "motives and his interest and his character, all with a view to giving his testimony that weight, and only that weight to which you think it may be entitled."

■ We find no error in the court's statement of the law on this subject, for our statute provides that no conviction of crime shall render a man incompetent to testify, but that his conviction may be shown to affect his credit as a witness. Code D. C. 1929, title 9, § 12. The purpose of receiving evidence of prior convictions to impeach a witness was sufficiently stated by the presiding justice in his general charge, and, of course, the defendants were not entitled to have their own words used if the words of the court covered the ground, which in this case they did.

■ Assignments of error numbered 19, 21, 22, 23, 24, and 25 are based upon rulings and instructions touching the alleged agreement and connivance among the defendants to commit the assault charged, and their individual duty as police officers to prevent assaults upon prisoners in their custody from any source, including brother officers of the peace. We are of opinion that these instructions were proper in the posture of the case at the time they were given, for the indictment charges that the rubber hose was held and wielded by Mostyn, while the only direct evidence touching the assault was that Mostyn and Laflin did all the beating, in the presence of the other defendants.

In this state of allegation and proof, the court, having granted a prayer of the defendants "that mere presence at the scene of an alleged crime is not enough to warrant a conviction," properly instructed the jury that some measure of participation, agreement, or connivance must be found before the inactive defendants could be convicted.

As the case then stood, the instructions here complained of could have no application to these appellants, and cannot avail them here. And the jury so found.

For the testimony of Harker, which was evidently accepted by the jury, was that Mostyn and Laflin each struck him many times, in the presence of the other defendants. The verdict found Mostyn and Laflin guilty of simple assault, while acquitting them of the more serious charge, and acquitting the other defendants of both charges. The as-

signments of error which we have not specifically mentioned were not separately discussed in the brief of the appellant, but have been considered by the court, and we are of opinion that the record shows no substantial error in the proceedings and that the judgment should be affirmed.

Affirmed.