THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT ULMAN, Appellant.

First Department, December 18, 1939.

*Jonah J. Goldstein* of counsel [*Gilbert Goldstein* with him on the brief], for the appellant.

*Manuel Robbins* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

COHN, J. The statute pursuant to which defendant was prosecuted and convicted reads as follows:

" § 1140. Exposure of person. A person who *wilfully and lewdly* exposes his person, or the private parts thereof, in any public place, or in any place where others are present, * * * is guilty of a misdemeanor." (Italics ours.)

In our opinion the circumstances surrounding the commission of the alleged offense, as gathered from the testimony, raise a serious question as to whether the act, if committed, was willful and lewd or whether it was merely the result of heedlessness without any intent to commit a criminal offense.

Defendant, testifying as a witness in his own behalf, denied the commission of any intentional wrongdoing. The record shows that he is a young man of previous unblemished character, well educated, of a good home, and since his graduation from college has been steadily employed with reputable business concerns. Several character witnesses testified to his good reputation for morals and honesty.

In order to constitute the crime the exposure of one's person in any public place must be intentional, willful and lewd. (*Miller* v. *People*, 5 Barb. 203, 204, 205.) The intent with which the act is committed forms a material ingredient of the offense. If it appears that the exposure was not the wanton and lewd conduct which the statute condemns but was unintentional, the crime has not been committed. (*People ex rel. Campbell* v. *Police Comrs.*, 13 App. Div. 69; appeal dismissed, 153 N. Y. 657; *McKinley* v. *State*, 33 Okla. Cr. 434; 244 P. 208; 1 Bishop on Criminal Law, [9th ed.] §§ 1125, 1133.) Here the testimony indicates that if there was any apparent misconduct it was due to accident and not to design. Moreover, it is the law that evidence of good character may of itself create a reasonable doubt when without it none would exist. (*People* v. *Conrow*, 200 N. Y. 356; *People* v. *Bonier*, 179 id. 315, 321; *People* v. *Elliott*, 163 id. 11; *People* v. *Slaughter*, 253 App. Div. 802 [dissenting opinion by MARTIN, P. J.]; revd., 278 N. Y. 479.) In this case defendant's character evidence considered with all the

other proof, we think, was sufficient to create a reasonable doubt of defendant's guilt of the crime charged.

With a commendable desire to cause no injustice to defendant, the complaining witness, who was a store detective, sent to the district attorney, before the trial of the action, a letter in which she offered to withdraw her complaint. In the communication it was stated that the act complained of may have been " the result of carelessness and negligence in dress rather than any lewd or criminal intent." This letter appears in the record in support of the motion for a new trial.

The judgment of conviction should be reversed and the information dismissed.

MARTIN, P. J., and GLENNON, J., concur; DORE and CALLAHAN, JJ., dissent and vote to affirm on the ground that the evidence justified the determination of the trial justices.

Judgment reversed and the information dismissed.