**STATE OF OHIO, Plaintiff-Appellee v STEWART, Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3519. Decided March 29, 1943.

Charles R. Petree, police prosecutor, Columbus, for plaintiff-appellee.

Frank H. Ward, Columbus, for defendant-appellant.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Municipal Court of Columbus, Franklin County, Ohio.

The action originated in the trial court through the filing of an affidavit by P. V. Huston, a sergeant of detectives in the employ of the New York Central Railroad, against the defendant Orr Stewart, charging that on or about the 28th day of June, 1942, de-

-fendant did unlawfully commit an indecent, immoral and filthy exposure of his sexual organs in a public place, contrary to statute in such cases made and provided, etc. A warrant was duly issued on the affidavit. The defendant was taken from a New York Central train on complaint of the conductor in charge, and was taken before a judge of the Municipal Court, and after the filing of affidavit and the issuing of warrant, the defendant was arraigned by having the affidavit explained and read to him, and thereupon he entered a plea of guilty. The case was continued for sentence. On the following day the defendant filed a motion for new trial, which was overruled, and thereupon sentence was imposed by fine in the sum of $200.00 and costs, and further, imprisonment in the city workhouse for a term of six months. Presumably the affidavit and warrant were predicated upon §13032 GC, which reads as follows:

"Whoever being over fourteen years of age wilfully makes an indecent exposure of his person in a public place or in a place where there are other persons to be offended or annoyed thereby or utters obscene or licentious language in the presence or hearing of a female shall be fined not more than $200.00 or imprisoned not more than six months or both."

The Municipal Court exercised final jurisdiction under and by virtue of a different section of the General Code.

Section 1558-54, GC reads as follows:

"Jurisdiction of Police Courts Exercised by Municipal Court.— The Municipal Court shall have and exercise all jurisdiction now conferred by law or which may hereafter be given to Police Courts."

Section 4577, GC, reads as follows:

"Jurisdiction.—The Police Courts shall have jurisdiction of, and to hear, finally determine, and to impose the prescribed penalty for, any offense under any ordinance of the city, or of any misdemeanor committed within the limits of the city or within four miles thereof * * *."

In the light of the two sections above quoted it clearly appears that the Municipal Court has final jurisdiction to hear, determine and dispose of misdemeanor actions.

The instant case was a misdemeanor action.

The Court of Appeals of Scioto County, in 1913, had under consideration the question of jurisdiction of a Municipal Court in the case of **Sprague, Judge v State ex Staples**, reported in **34 Oh Ap, 354.** The statement discloses that W. R. Sprague, a Judge of the Munici-

pal Court in and for the city of Portsmouth, refused to place an accused, charged with a misdemeanor, on trial, but upon his plea of not guilty required him to enter into a recognizance for his appearance in the Court of Common Pleas. The original complainant. filed an action in the Common Pleas Court in mandamus, asking that the Municipal Court be ordered to finally hear and dispose of the criminal complaint. The Court of Common Pleas allowed the writ and thereafter error proceedings to reverse were filed in the appellate court. The opinion was written by Middleton. P. J., and concurred in by Mauck and Blosser, JJ. The first syllabus reads:

"Mandamus lies to compel a municipal judge of city of Portsmouth to finally hear and dispose of criminal charge of violating §13049, GC, providing penalty of fines and imprisonment," etc.

The special act creating the Municipal Court in and for Portsmouth, Ohio, has a similar section to §1558-54 above quoted.

We have no difficulty in determining that the legal questions. involved in the instant case are analogous to the question determined in the Sprague case, supra. Counsel for appellant sets out. four separately numbered and stated assignments of error. These will be discussed as listed.

First assignment of error:

"Appellant was not advised by the court of his right to have counsel."

In support of this contention reference is made to §13433-1 GC.. This section does provides that when the accused is taken before a court or magistrate the court shall inform him of the charge against him and of his right to have counsel, etc. It is specifically urged that the court did not advise the accused as to his right to have counsel. The section referred to is the first section under the chapter on "Preliminary Examination," and therefore is not applicable to the procedure in the instant case. Attention is also called to Art. I, §10 of the Constitution of Ohio, which in substance provides that an accused shall be allowed to appear and defend in person with counsel. The record in the instant case fails to disclose that this right was denied the accused, but, on the other hand, after the charge was explained and read to him he voluntarily entered a plea of guilty.

Second Assignment of Error:

"The trial court had no right to hear the case forthwith as the complaint was not made by the party injured, and the parties injured were not present to testify."

In support of this second assignment of error reference is made

to §13433-9 GC.  Again this section relates to procedure under preliminary examination and has no application to hearing before the Municipal Court where under an appropriate section of the statute that court has final jurisdiction.

Third Assignment of Error:

"No crime was charged against appellant in the information filed against him."

The affidavit substituted the word "unlawfully" for the word "wilfully" as contained in the statute.  We do not think that this objection is one of substance, although it is preferable to follow the language of the section.  The argument of counsel that the exposure might have been accidental is not germane for the reason that if accidental it would not have been unlawful.  This assignment is not well founded.

Fourth Assignment of Error:

"Defendant was not served with a copy of the information filed against him."

The only citation of authority under this assignment is a repetition of **Art. I, §10 of the State Constitution,** which guarantees the accused party the right to appear and defend in person and with counsel and to demand the nature and cause of the accusation against him and to have a copy thereof.  As heretofore stated, the accused was not denied any rights under this provision of the Constitution.  The affidavit was explained to him, and was read to him.  He voluntarily entered a plea of guilty and thereby waived the right to have a trial.

Finding no prejudicial error, the judgments of the trial court will be affirmed and costs adjudged against the appellant.

The cause is remanded for further proceedings according to law.

HORNBECK and GEIGER. JJ., concur.