## GOODE v. UNITED STATES.
### No. 8817.

United States Court of Appeals
District of Columbia.

Argued Feb. 13, 1945.

Decided March 26, 1945.

Mr. Wallace L. Schubert, of Washington, D. C. (appointed by District Court), for appellant.

Mr. John L. Ingoldsby, Jr., Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

This is an appeal from a conviction and sentence under the Harrison Narcotic Act as amended.[1] The indictment charged that appellant had purchased in the District of Columbia from a person unknown to the Grand Jury "a certain quantity of a certain derivative of opium, to wit, two grains of morphine sulphate," not in nor from the original stamped packages. The grounds of the appeal are (1), that the verdict was contrary to law, (2), that it was contrary to the evidence, and (3), that the court erred in not directing a verdict of acquittal.

The evidence shows that when appellant was arrested on October 6, 1942, there was found on his person a small vial containing two one-grain tablets of morphine sulphate and that he then voluntarily stated to the police that he had, on the day of his arrest at 9th and F Streets, N. W. (Washington), purchased the drug from "one known to him as Eddie." On the ground that this was insufficient to support a conviction, appellant unsuccessfully moved for a directed verdict. Thereafter appellant was sworn as a witness in his own behalf and testified that the morphine tablets found in his possession were obtained by him in Baltimore through the filling of a prescription given him by Dr. MacMurchy of that City. On cross-examination he admitted having made the contrary explanation to the po-

[1] Title 26, U.S.C.A. Int.Rev.Code, § 2553(a).

lice, but said it was untrue and was made merely "to protect his source of supply." The Baltimore doctor had testified that he had prescribed morphine for appellant on September 23, 24 and 29, 1942; that all three prescriptions were for quarter-grain tablets and that he had never in his practice prescribed "full grain" tablets such as were found in appellant's possession.

■ Enough has been said on this phase of the case to show that if the jury had believed appellant's testimony as to the source of his tablets, they should and would have acquitted him. Their verdict of guilty is accordingly a finding as to that fact and consequently is not reviewable by us.

■ We pass, therefore, to the two other points argued,—first, that the mere possession of the prohibited drug in an unstamped package is not of itself enough and that direct evidence of an unlawful purchase in the District of Columbia must be shown. As to this it is perhaps sufficient to say that appellant's voluntary statement to the police that he had bought the drug from a dope peddler in the City of Washington, though subsequently denied by him, was itself evidence on which the conviction might very well be sustained. But without regard to this it is now too well established to require discussion that the statutory *prima facie* evidence rule,[2] arising out of possession of the proscribed drug, is legal, reasonable and constitutional, and imposes on the accused the duty of explanation and justification. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Acuna v. United States, 5 Cir., 74 F.2d 359; cf. Killian v. United States, 58 App.D.C. 255, 29 F.2d 455; Flowers v. United States, 8 Cir., 83 F.2d 78; and Beland v. United States, 5 Cir., 100 F.2d 289, certiorari denied, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037.

■ Appellant complains that the trial court allowed the District Attorney to draw from him on cross-examination admissions of his prior convictions on two occasions of grand larceny. This was not improper. We have stated more than once that when an accused offers himself as a witness, his credibility may be impeached as in the case of any other witness, and that, by local statute,[3] irrelevant though they may appear to be, previous convictions of a crime may be shown to that end.

■ In view of the foregoing, we find no proper ground of reversal. Appellant, however, insists that his present plight is due entirely to his prior record, and not at all to the offense charged in the indictment. And to some extent this may be true as to the measure of punishment imposed, but since the term of sentence was within the statutory period, obviously, it is a matter beyond our control. However, we think we may say that, in our opinion, the case of a drug addict who is not also a peddler —as is apparently here true—should be dealt with as are other cases of mental disease. Accordingly, confinement in prison should be aimed at a cure rather than a punishment.

Affirmed.

---

[2] 26 U.S.C.A. Int.Rev.Code, § 2553: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550 (a) except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps for any of the aforesaid drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession same may be found; and the possession of any original stamped package containing any of the aforesaid drugs by any person who has not registered and paid special taxes as required by sections 3221 and 3220 shall be prima facie evidence of liability to such special tax."

[3] D.C.Code (1940) § 14—305; Mostyn v. United States, 62 App.D.C. 22, 64 F.2d 145; Bostic v. United States, 68 App.D.C. 167, 94 F.2d 636; cf. Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905.