## DAVENPORT v. UNITED STATES.

### No. 579.

Municipal Court of Appeals for the
District of Columbia.

Jan. 20, 1948.

Saul G. Lichtenberg, of Washington, D.C., for appellant.

Ross O'Donoghue, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and Evan T. Davis, and Sidney S. Sachs, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant was convicted of making an obscene and indecent exposure in a public park.[1]

The Government's only witness testified that on May 13, 1947, at about 7:00 p.m. she was seated at a ground floor window of a dormitory for women in Potomac Park, and that defendant walked from the nearby pavement to a place on the grass approximately fifteen feet from the window and there, with his back to a tree, facing her and with no obstruction between him and

---

[1] Sec. 3.25 (a) of National Capital Parks Regulations provides: "Indecent exposure. Obscene or indecent exposure by any male or female of his or her person or their persons, in a street, road, park or other space or enclosure, or automobile, dwelling or other building within park areas wherefrom the same may be seen in any street, avenue, alley, road, or highway, open space, public square, or public or private building or enclosure is prohibited." 36 CFR, 1945 Supp., 3.25(a).

the window exposed his person and performed an obscene and indecent act. The revolting details of the act need not be recited.

Defendant was his only witness and, according to the record, he testified substantially as follows: "That the exposure, if any, of his person was purely accidental because he was urinating and did not know anyone was observing him; that he did not intend to exhibit his person."

■■ The sole ground of appeal is the refusal of the trial court to charge the jury that in order to find defendant guilty it was necessary to find that the exposure was "willful and deliberate."

We see no error in the refusal. "Willful"[2] and "deliberate"[3] both have varied meanings and without some qualifying explanation the requested charge would have been misleading and confusing to the jury. If, by the expression "willful and deliberate," it is defendant's contention that in order to constitute the crime of indecent exposure it is necessary that the exposure be made with the purpose and intent that some specific person or persons shall observe it, such contention is incorrect. An indecent exposure in a public place likely to be observed by others is a criminal offense regardless of the purpose with which it is made.

■■ It is true that the exposure must be intentional in the sense that criminal intent is an essential element of the offense of indecent exposure,[4] as it generally is in every crime.[5] But the intent required is general and not specific.[6] All that is required is that the defendant be "aware of the existence of all those facts which make his conduct criminal."[7] An instruction to this effect would have been proper and we must assume that such was given, in view of defendant's failure to assign error regarding the general charge. The record does not set forth the charge in full, but states that "the court charged the jury fully on all other issues." If the requested instruction had reference to general criminal intent, its meaning was not clear, and it is not the duty of the trial court to recast a misleading instruction.[8]

■■ The evidence of defendant alone amply supported a finding of criminal intent. He knowingly exposed his person within a short distance and in full view of a women's dormitory. By his own testimony he knew the occupancy of the building because he testified that he was going to the building to see a girl friend whom he had visited there on several prior occasions. The record shows no attempt by defendant to conceal himself when he performed his admitted act. One may not knowingly expose his person in a public place under circumstances which make it probable that he will be observed and then assert that if he was observed the exposure was unintentional and accidental.

The record discloses no error and the judgment must be affirmed.

Affirmed.

[2] Townsend v. United States, 68 App.D. C. 223, 95 F.2d 352; certiorari denied, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121.

[3] Cole v. List & Weatherly Const. Co., La.App., 156 So. 88; affirmed, 157 So. 175.

[4] Truet v. State, 3 Ala.App. 114, 57 So. 512; Van Houten v. State, 46 N.J.L. 16, 50 Am.Rep. 397; Miller v. People, (N.Y.) 5 Barb. 203.

[5] Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244; United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; Masters v. United States, 42 App. D.C. 350, Ann.Cas.1916A, 1245.

[6] Neither the Park Regulations nor the corresponding Code Section, Code 1940, Supp. V, § 22—1112, use the word "willful" as do the statutes in some jurisdictions. Even in these jurisdictions, "willful" appears to be construed as meaning merely not accidental or unintentional. E.g., State v. Stewart, Ohio App., 50 N. E.2d 910; People v. Ulman, 258 App.Div. 262, 16 N.Y.S.2d 222; Cf. State v. Peery, Minn., 28 N.W.2d 851.

[7] United States v. Crimmins, 2 Cir., 123 F.2d 271, 272. See also Ellis v. United States, 206 U.S. 246, 27 S.Ct. 600, 51 L. Ed. 1047, 11 Ann.Cas. 589.

[8] Sherman v. United States, D.C.Mun. App., 36 A.2d 556, 72 W.L.R. 343; Howard v. Capital Transit Co., App.D.C., 163 F.2d 910.