## DAVIS v. PROFESSIONAL BLDG. CORP.

No. 1372.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 28, 1953.

Decided Oct. 29, 1953.

---

Harry L. Ryan, Jr., Washington, D. C., for appellant.

Grant Stetter, Washington, D. C., with whom James McI. Henderson was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, hereinafter referred to as plaintiff, is a dentist whose office in 1942 was located in the defendant's building. In August and September of that year the awning outside of plaintiff's office window caught fire on two separate occasions. The cause of these fires was never determined, but it was agreed at trial that neither plaintiff nor defendant was responsible for their occurrence. On each occasion the fires were extinguished by defendant's employees, using conventional soda-acid type fire extinguishers. Likewise, on each occasion some of the extinguisher fluid was sprayed on various pieces of plaintiff's dental equipment.

In 1945 suit was filed alleging negligence on the part of defendant's employees in extinguishing the fires, resulting in damage to plaintiff's equipment and fixtures to the extent of $1,205.15. Trial was by the court, sitting without a jury, and a finding was entered for defendant.

Four errors were assigned as the basis of this appeal. In effect, the four may be grouped into one: that the finding of the trial court was against the weight of the evidence.

It was shown at trial that the two fires had occurred within approximately a month of each other. On each occasion defendant's employees put the fire out within a few minutes. One fire was fought by spraying the extinguishing fluid down on the awning from the window above. The second was extinguished from inside plaintiff's office. On this occasion the fire extinguisher hose sprung a leak and sprayed fluid on plaintiff's dental equipment. After each fire the equipment was immediately wiped off with soft rags.

Plaintiff and a fellow dentist testified at trial that subsequent to the fires white spots appeared on the surfaces of various pieces of plaintiff's equipment. An estimate for refinishing these pieces was the sole proof for the major portion of the damages claimed. Defendant's janitor, assistant janitor, and assistant manager testified on

the corporation's behalf. Their testimony was not in conflict as to the occurrence of the fires and their extinguishment, but directly conflicting as to any damage being caused to plaintiff's property. A fire extinguisher expert testified that, in his opinion, the injury to the fixtures claimed by plaintiff could not possibly have been caused by the liquid from defendant's extinguishers.

At the conclusion of the trial the judge announced a finding for defendant, stating that there had been no showing of negligence on defendant's part, and even if there had been, there was no showing that such negligence was the proximate cause of any damages plaintiff may have suffered. The appeal from this ruling presents us, therefore, with questions as to plaintiff's proof of negligence, proximate cause, and damages. The statute [1] prescribing and limiting our scope of review states that in cases tried without a jury we can only set aside the trial court's judgment as to the facts when that judgment is plainly wrong or without evidence to support it. We cannot say that such is the case here. The conflicting testimony adduced at trial was a matter for the trial court to decide. We have no right to disturb that finding, since there was substantial evidence to support the judge's conclusions. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9. Questions as to negligence [2] and proximate cause [3] are ordinarily issues of fact. Plaintiff's argument that the trial judge found for the defendant because he could not accurately determine the damages is without merit. The record clearly shows that the court stated it could find no proof that the spraying of the fluid was the cause of any damage to plaintiff's equipment, even if such spraying had been shown to be negligent. Thus, as plaintiff failed to carry his burden of proof on the issues of negligence and

proximate cause, the uncertainty as to the amount of the damages becomes immaterial.

Affirmed.

---

1. Code 1951, § 11–772.

2. Hecht Co. v. Leite, D.C.Mun.App., 99 A.2d 87; Collier v. Young, D.C.Mun. App., 94 A.2d 645.

3. Eesley v. Dottellis, D.C.Mun.App., 61 A.2d 564.