## PEYTON v. DISTRICT OF COLUMBIA.

### No. 1389.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 19, 1953.

Decided Nov. 6, 1953.

William C. Gardner, Washington, D. C., with whom Joseph C. Waddy, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Harry L. Walker, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Defendant was convicted by the court of making an obscene and indecent exposure in a public place.[1]

The facts brought out at trial were as follows: On the afternoon of June 23, 1953, defendant was seated in his automobile parked on the right side of a road bordering the Anacostia River. The right door of his car was open. On defendant's left was a golf course, and parked in front of him were two other cars, the occupants of which were either seated in their cars or on the grass nearby. To the right of defendant's car was a group of rather dense, low-hanging trees, and a few feet beyond them was the river. A group, including an adult woman, two teen-age girls, and the woman's two young children, was walking on the lawn between the trees and the river. Intending to cross the road, they went between the trees, pushing aside the low-hanging branches. As they emerged they were standing within a few feet of the open door of defendant's car. Defendant was sitting in the driver's seat with his private parts exposed. The group immediately passed by; no words were spoken between them and the defendant.

At trial defendant was his only witness. He denied any intention to expose himself.

He further said that when the Government's witnesses saw him exposed he was merely adjusting his undershorts. On cross-examination defendant admitted that he had previously been convicted for committing the same offense at the same location.

On this appeal it is contended that the trial court erred in finding defendant guilty because (1) there was no showing of any criminal intent on defendant's part, or that the exposure was intentional; (2) the finding was against the weight of the evidence; and (3) the trial judge considered defendant's prior conviction for the purpose of finding defendant guilty of the offense charged in the present case.

We agree that a criminal intent must be shown in a prosecution under this statute before a conviction can be upheld. That principle was clearly set out in Davenport v. United States.[2] While the exposure must be intentional and not accidental, the intent required is only a general one, and need not be directed toward any specific person or persons.[3] An exposure becomes indecent when the defendant exposes himself at such a time and place, where as a reasonable man he knows or should know his act will be open to the observation of others.[4] The required criminal intent is usually established by some action by which the defendant draws attention to his exposed condition or by his display in a place so public that it must be presumed that it was intended to be seen by others.[5] The intent can also be inferred from the recklessness of defendant's conduct in exposing himself.[6]

In this case defendant contends that he had no intention of being seen by others, and that as a matter of law no such intent was shown by the Government. The basis of this argument is that it was highly im-

---

1. Code 1951, 22–1112.

2. D.C.Mun.App., 56 A.2d 851, and cases cited therein. See also Case v. Commonwealth, 313 Ky. 374, 231 S.W.2d 86.

3. Davenport v. United States, supra.

4. State v. Martin, 125 Iowa 715, 101 N.W. 637.

5. State v. Peery, 224 Minn. 346, 28 N.W.2d 851.

6. Truet v. State, 3 Ala.App. 114, 57 So. 512.

probable that anyone would see defendant through the overhanging trees, or that anyone would be walking between these trees, as there was no walking path on the other side. Because of the unlikelihood of anyone seeing him, it is argued that intent was not shown beyond a reasonable doubt. We cannot agree with this argument. The photographs of the scene introduced into evidence by defendant clearly show that it was not unlikely that he saw the group of walkers approaching him and was aware of their presence. Nevertheless the issue of intent in a case such as this is basically a question of fact. We think there was substantial evidence to support the court's finding on that question. The scene of defendant's act was certainly public enough, and his conduct sufficiently reckless to support the lower court's finding that the requisite criminal intent was present.

■■ Nor can we say that the finding of defendant's guilt was against the weight of the evidence. There was substantial evidence to support the finding, and we may only set aside a judgment on a factual issue when it is plainly wrong or without evidence to support it.[7]

■ The contention that the trial judge improperly considered defendant's prior conviction is not supported by the record. It is well settled that a defendant's prior convictions may be brought out on cross-examination for the purpose of affecting his credibility.[8] And it is equally well settled that evidence of such convictions must be restricted to the question of defendant's credibility and may not be considered for the purpose of determining his guilt or innocence of the offense charged.[9] The trial judge when announcing his decision commented that it was an unusual case to have the same man previously convicted of the same act at the very same place. In view of the judge's ruling at the time the question was asked, that such evidence

could only be introduced for the purpose of affecting defendant's credibility, we do not feel that his remark at the conclusion of the case indicated that he improperly considered this evidence in arriving at a finding of guilty.

Affirmed.

---

7. Davis v. Professional Building Corp., D. C.Mun.App., 99 A.2d 754, decided Oct. 29, 1953.

8. Code 1951, 14–305; Goode v. United States, 80 U.S.App.D.C. 67, 149 F.2d 377.

9. Mostyn v. United States, 62 App.D.C. 22, 64 F.2d 145.