194 A.2d 660 (1963)
Vincent E. REIGLE, Appellant,
v.
UNITED STATES of America, Appellee.
No. 3325.
District of Columbia Court of Appeals.
Submitted October 14, 1963.
Decided November 4, 1963.
*661 Diana K. Powell, Washington, D. C., for appellant.
R. Daniel Devlin, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and William C. Weitzel, Jr., Asst. U. S. Attys., were on the brief, for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
MYERS, Associate Judge.
Appellant was convicted by a jury of the charge of simple assault. D.C.Code 1961, § 22-504.[1]
Upon appeal, he complains that the verdict was wrong in that the evidence failed to show unlawful intent or that his actions went beyond the scope of validly exercised parental authority.
The question whether the altercation on a public street between appellant and his 19-year-old son was merely a family matter in which a father was administering reasonable parental authority and proper correction at the time to a son, as appellant asserts, or whether the father, after making profane and abusive remarks about the mother, unjustifiably attacked the son from the rear, striking him on the back of the head with a fist, as testified by the son and substantially corroborated by a younger brother, was one for the jury to decide from all the evidence and after weighing the credibility of the witnesses to the occurrence.[2] This is equally applicable to the intent of the accused when an ingredient of the charged offense.
The record clearly shows the conflict of testimony on these issues and that the questions were properly submitted to the jury with instructions as to applicable law. We find no error in the jury's refusal to accept appellant's version of the incident.[3]
Appellant also contends that the trial judge erred in permitting his cross-examination as to prior convictions for assault. He was questioned by the government prosecutor as to two prior convictions in June and November 1961 for the same offense, which at first he flatly denied but finally admitted when asked if his recollection could be refreshed by information concerning the sentences received and the names of the complaining witnesses in those two cases. This was not improper. As appellant took the witness stand in his own behalf, it was within the sound discretion of the trial judge to decide the extent to which he might be cross-examined as to collateral matters, including prior convictions, for purpose of impeachment.[4] The jury was instructed that this particular testimony was to be considered only on the issue of appellant's credibility. We find no abuse of judicial discretion and the record reveals no prejudice arising from cross-examination for this purpose.
Appellant was fairly tried and duly convicted.
Affirmed.
NOTES
[1] "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."
[2] Patler v. District of Columbia, D.C.Mun. App., 171 A.2d 508, 509.
[3] Burroughs v. United States, D.C.Mun. App., 163 A.2d 830, 831, 832.
[4] D.C.Code, 1961, § 14-305; Goode v. United States, 80 U.S.App.D.C. 67, 68, 149 F.2d 377, 378; Kronick v. Sullivan, D.C.Mun.App., 83 A.2d 518.