OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered July 26, 1978 (D. Sulli *466 van, J. [with jury], at trial and sentence), reversed, on the law, and the information is dismissed.
There was no dispute as to the senario of events leading up to the defendant’s arrest, the sole issue before the jury being the intent with which the defendant acted. In view of the subjective nature of the issue in dispute, credible evidence of defendant’s reputation and character necessarily constituted an important element of his defense ("it is the law that evidence of good character may of itself create a reasonable doubt when without it none would exist” [People v Ulman, 258 App Div 262, 263; see, also, United States v Lewis, 482 F2d 632, 637; United States v Wooden, 420 F2d 251, 253]).
The defendant intended to call as a character witness one of his college professors; however, prior to doing so he sought an order of preclusion from the court precluding the People from inquiring of the character witness as to whether he was aware that the defendant had, some five years previously, been arrested for some offense, which charges were ultimately dismissed. Although the court suggested that it would give a limiting instruction to the jury concerning the inquiry, the court refused to grant such an order of preclusion. The defendant thereupon did not call his character witness.
Significantly, nowhere in the record is there any indication as to what defendant was previously arrested for. In opposing the defendant’s application for an order of preclusion, the People did not suggest that the nature of the alleged crime for which the defendant had previously been arrested bore any relevance to the charges now pending against the defendant (United States v Wooden, supra, p 253). It is thus impossible to assess whether the previous arrest was truly relevant to the trait of honesty, the only trait in issue in the instant case.
Since the record is devoid of detail as to what the previous arrest was for, there was no way the court below could have been exercising "informed discretion” in deciding to permit the People to inquire of defendant’s character witness as to awareness of the defendant’s prior arrest (United States v Lewis, 482 F2d 632, supra; cf. Michelson v United States, 335 US 469).
While we are not dealing here with the question of admissibility of questions on cross-examination with respect to a defendant who, himself, takes the stand (People v Sandoval, 34 NY2d 371, 378), the test is similar. "[T]he inquiry should be permitted only when 'the probative value of the information *467 which might be elicited outweighs the prejudice to the defendant’ ” (United States v Lewis, supra, p 639; Awkard v United States, 352 F2d 641, 643).
Under these circumstances, we conclude that the defendant was entitled to the order of preclusion sought, and insofar as the defendant did not call his proposed character witness because of the wrongful denial of that application, he was deprived of an opportunity to adequately defend. The conviction must accordingly be reversed. Since the defendant has completed his period of conditional discharge, i.e., one year, no new trial is necessary (People v Simmons, 32 NY2d 250, 253).
The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.
Concur: Hughes, J. P., Tierney, and Riccobono, JJ.