(October 27, 1941.)

MARTHA EPSTEIN and Another v. NATIONAL TRANSPORTATION Co., INC., and Others, Impleaded with DIXIE CAB CORP. and SAMUEL FEINGOLD.— Motion to reargue motion denied; motion for leave to appeal to the Court of Appeals granted. [See, *ante*, p. 954.] Settle order on notice. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

## SECOND DEPARTMENT, FEBRUARY, 1942.
### (February 3, 1942.)

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of LITCHFIELD F. MOYNAHAN, an Attorney and Counselor at Law, Respondent.— Proceeding to discipline an attorney. Motion to confirm report of official referee granted and respondent suspended from the practice of the law for a period of two years. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

AGNES C. ANDERSON, Appellant, v. WILLIAM H. HINRICHS and AUGUST G. HINRICHS, Respondents.— In an action in equity (1) for the removal of a trustee of a trust of real and personal property and for an accounting; and (2) to declare and enforce another trust of personal property, order denying motion for an examination of defendants before trial reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, to the extent following, viz.: As to defendant William H. Hinrichs upon the following matters: (a) The cash in addition to real estate, the subject of the trust alleged in the first cause of action; (b) the failure of William H. Hinrichs, trustee, to file an accounting at least once a year or as provided in the deed of trust; (c) the incumbrances upon the real property; (d) the failure of defendant trustee to advise plaintiff of the existence of the trust, of his maintenance of books showing its condition and of the existence of such books, if any; and as to both defendants, upon the following matters: (e) the delivery to defendants by Rebecka Hinrichs of a diamond ring owned by her; (f) the terms of such delivery; and (g) the failure of defendants to deliver the ring to plaintiff for Jean M. Anderson and their retention thereof. The defendants are further directed to produce all books, agreements, documents and writings which in any way pertain to the above subject-matter of the examination, the same to be used thereon in accordance with the provisions of Civil Practice Act, section 296. Certain allegations of the amended complaint in issue demonstrate that this action is brought not only for an accounting, but for other relief. (*Muller* v. *Ackerman*, 246 App. Div. 849.) To the extent indicated, an examination before trial is, therefore, proper. The examination will proceed on a day to be fixed in the order to be entered hereon. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. Settle order on notice.