THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN REILLY, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting him of violations of sections 1140 and 483 of the Penal Law, and from an order of. the same court denying his motion to set aside the conviction and for a new trial. Judgment and order reversed on the law and new trial ordered. During the course of the trial, one of the three Trial Justices remarked that the court was not "trying a case of alleged intent". In that respect the Trial Justice was in error. (*People* v. *Ulman,* 258 App. Div. 262; *People* v. *Steele,* 275 App. Div. 1050.) Although the record does not disclose that the other two Trial Justices were of the same opinion, in view of the sharp question of fact presented in this case, it is our opinion that a new trial should be ordered in the interests of justice. Adel, Wenzel, MacCrate and Beldock, JJ., concur; Nolan, P. J., dissents and votes to affirm.

■

STANLEY REIMAN, Respondent, v. NORTHERN ZALESKI LIMITED et al., Appellants.— In an action for breach of contract, money had and received, and to set aside transfers in fraud of creditors, defendants appeal from an order granting in part plaintiff's motion for examination of defendants before trial, and directing the production of books and records pursuant to section 296 of the Civil Practice Act. Order modified by striking from the second ordering paragraph (a) items 1(a) and 1(e), and (b) the place of examination and substituting therefor Special Term, Part II, Queens County, as the place of examination. As so modified, the order is affirmed, without costs; examination to proceed on five days' notice. Examination as to the terms of plaintiff's employment is unnecessary because the acts which give rise to plaintiff's causes of action are not his employment, but those surrounding the termination of his employment. Item 1(e) is unnecessary because it is admitted in the pleadings. Examination before trial of a resident of this State must be either in the county where he resides, where he has an office, or where the action is pending. (Civ. Prac. Act, § 300.) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

■

DANIEL F. THOMAS, Doing Business as MID-HUDSON Q-BALL Co., et al., Respondents, v. SAM GETLAN, Individually and as President of United Coin Operated Machine Employees Union, Local 105, et al., Appellants, et al., Defendants.— In an action to enjoin picketing, two defendants appeal from an order granting their examination before trial, and directing discovery and inspection. Order modified by striking the words " and ' Fifteenth ' " from the second ordering paragraph. As so modified, the order is affirmed, without costs; examination to proceed on five days' notice. The allegations of paragraph "Fifteenth" of the complaint are conclusory and, therefore, not a proper subject of examination. Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.