BEVERLY MILK YONKERS CO., INC., et al., Respondents, v. FRED A. CONRAD, as President of Local 338, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A.F.L., et al., Appellants. LEWIS CRISFIELD et al., Appellants, v. LEONARD SALVAGIONE, Doing Business as BEVERLY MILK COMPANY, et al., Respondents.— In this consolidated action the complaint seeks injunctive and other relief arising out of appellants' allegedly wrongful acts in attempting to injure respondents' business, and the counterclaim seeks to recover deposits paid by four of the individual appellants to their former employer, the respondent Salvagione. The appeals are

(1) from an order granting consolidation and other relief, (2) from an order granting a motion to examine appellants before trial and (3) from so much of an order as strikes the second, third and fourth affirmative defenses from the amended answer. Order granting consolidation affirmed, without costs. No opinion. Order granting motion for examination before trial modified (1) by striking from item "2" of the second ordering paragraph the words and figures "the items 3 and 4 which follow" and by substituting therefor the word and figure "item 4", (2) by striking item "3" from said second ordering paragraph and (3) by inserting in the last ordering paragraph, following the words "law suit" the words "relevant to the above subject matter of the examination". As so modified, order affirmed, without costs; examination to proceed on five days' notice. Item "3" is conclusory and therefore not a proper subject of examination (cf. *Thomas* v. *Getlan,* 282 App. Div. 884). The direction for the production of books and records, pursuant to section 296 of the Civil Practice Act, should be limited as indicated (cf. *Anderson* v. *Hinrichs,* 263 App. Div. 954). Order striking affirmative defenses from the amended answer, insofar as appealed from, affirmed, without costs, with leave to serve a further amended answer within 20 days after entry of the order hereon. The amended answer was served pursuant to permission granted on a prior motion, and there was no provision in that order which would permit interposition of the second, third and fourth affirmative defenses. Moreover, these defenses, insofar as they attempted to plead justification and mitigation, were factually insufficient (cf.*Meyers* v. *Huschle Bros.,* 273 App. Div. 107, 109), and reference therein to the constitutional right of free speech was also improper (cf. *Mencher* v. *Chesley,* 297 N. Y. 94, 101–102). Nolan, P. J., Beldock, Murphy, Hallinan and Klienfeld, JJ., concur.