■ MITCHELL FOSTER, an Infant, by His Father and Guardian ad Litem, JOHN P. FOSTER, et al., Respondents, v. DONALD L. DOUGHTY, Defendant; CVZ CATERING, INC., Appellant, and DAN N. KARAVOLOS et al., Respondents. (Action No. 1.) (And Another Action.) — In consolidated actions to recover damages for personal and property injuries and loss of services, defendant CVZ Catering, Inc., appeals from two orders of the Supreme Court, Nassau County, one dated July 11, 1972, denying its motion for a protective order and the other, dated November 20, 1972, *inter alia* granting a motion of plaintiffs in action No. 1 to strike appellant's answer in said action. Order dated July 11, 1972 reversed, and appellant's motion for a protective order granted as follows: Appellant is excused from the requirement that it produce for examination before trial a suitable person to testify on its behalf, provided however that at the trial appellant shall be precluded from calling or presenting any such witness or witnesses unless, by prior reasonable written notice to all the parties, appellant shall have made such witness or witnesses available to all the parties for such examination, to be held at least 10 days before the trial. Order dated November 20, 1972 reversed and motion to strike appellant's answer in action No. 1 denied. Appellant is awarded a single bill of $20 costs and disbursements against respondents Foster to cover both appeals. These consolidated negligence actions arose from an automobile collision. One of the vehicles involved was owned by appellant, CVZ Catering, Inc. In its answer in action No. 1 CVZ admitted that it owned that vehicle and that the driver was operating it with CVZ's permission. The driver is no longer in the employ of CVZ and it is not alleged that any other employee or agent was present at the accident. Under the circumstances of this case, CVZ could not have produced a witness with knowledge of the facts, other than the facts admitted, who could give material or necessary testimony (*La Potin* v. *Lang Co.*, 30 A D 2d 527; *Reiman* v. *Northern Zaleski Ltd.*, 282 App. Div. 884). An order of protection should have been granted. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.