JAMES B. KING, Plaintiff in Error, *v.* The PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

It is not an essential element of the offense of keeping a disorderly house that the public should be disturbed by noise; the keeping of a common bawdy or gambling house constitutes the house so kept a disorderly house.

When the house of a person is the resort of prostitutes, plying their vocation, with his knowledge, this constitutes a bawdy house.

Upon the trial of an indictment for keeping a disorderly and common bawdy and gambling house, after the court had charged that if the defendant kept a gambling house, where gamblers resorted to play for money, and did so play to the knowledge of defendant, he was guilty, defendant's counsel asked the court to charge that the playing of cards in defendant's house did not, of itself, make it a gambling house. The court, in reply, said, " Except that it is the gambling for money that makes it a disorderly house." *Held*, no error; that the court had properly defined the offense of keeping a gambling house, and its remark clearly referred to a house of that character.

(Argued January 17, 1881 ; decided January 25, 1881.)

ERROR to the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 4, 1880, which affirmed a judgment entered upon a verdict convicting the plaintiff in error of the offense of keeping a disorderly and common bawdy and gambling house.

The facts, so far as material, appear in the opinion.

*N. C. Moak* for plaintiff in error. The court erred in refusing to charge defendant's request : " That the playing cards in defendant's house does not, of itself, make it a disorderly house." (2 Wharton's Cr. Law [8th ed.], § 1465 ; id. [7th ed.], § 2407 ; *People* v. *Sergeant*, 8 Cow. 139 ; 2 Hawkins' Pleas of the Crown [Leach's ed.], 145, chap. 75, § 6 ; 1 Bishop's Cr. Law [6th ed.], § 1135 ; to same effect, §§ 504, 1106 ; 2 Arch. Cr. Pl. & Pr. [8th ed.] p. 1767 ; Laws of 1851, chap. 504, p. 943 ; *Hitchens* v. *The People*, 39 N. Y. 454.) The court erred in charging the jury that " it is not necessary, to constitute the offense, that the public should be disturbed by noise," and in refusing to charge, that in order to convict they must find that his house was so kept as to annoy and disturb the persons near or having occasion to pass it. (*People* v. *Sergeant*, 8 Cow. 140 ; *Mains* v. *State*, 42 Ind. 327, 328 ; 1 Bishop's Crim. Law, §§ 1046, 1051 ; *Hunter* v. *Commonwealth*, 2 Serg. & Rawle, 298, 299, 300 ; *People* v. *Mauch*, 24 How. Pr.

278; *Boyd's Case*, 3 City Hall Rec. 134; *Jacobowsky* v. *People*, 6 Hun, 524, 525 ; 64 N. Y. 659; *Barnesciotta.* v. *People*, 10 Hun, 137 ; *People* v. *Carey*, 4 Park. 238 ; *People* v. *Baldwin*, 1 Wheeler's Crim. Cases, 279–286; *People* v. *Rowland*, id. 286, 287, 288 ; *People* v. *Clarke*, id. 288–292; 3 Inst. 205; Hawkins, chap. 75, § 7.) The court erred in charging that " if prostitutes came to this saloon for the purpose of prostitution and there consummated their intent to the knowledge and with the consent of the defendant, you will find him guilty." (*Harwood* v. *The People*, 26 N. Y. 191.)

*H. A. Howard*, district attorney, for defendant in error. An indictment for keeping a disorderly house is not vitiated by charging, in the same count, that it is kept as a bawdy house, a tippling house and a dancing house. Evidence of any one of these circumstances will sustain the count. (2 Colby's Crim. Law, 143; *People* v. *Carey*, 4 Park. Cr. 238.) The conducting of a house in such a way as to tend to the corruption of public morals, makes it a disorderly house. (*People* v. *Baldwin*, 1 Wheeler's Crim. Cas. 285; *People* v. *Rowland*, id. 286; *People* v. *Clark*, id. 290, 291, 292; *People* v. *Carey*, 4 Park. Cr. 238; *Jacobowsky* v. *People*, 6 Hun, 524; 64 N. Y. 659; *Barnesciotta* v. *People*, 10 Hun, 137; 2 Archbold's Crim. Pr. [8th ed.] 1766.) The evidence as to a vulgar image being exhibited at the prisoner's saloon was properly received. (Wharton's Crim. Ev., § 261 [8th ed.] ; *People* v. *Mauch*, 24 How. Pr. 276.) The prosecution had as much right to show what was said as what was done. (Wharton's Crim. Ev., § 262 [8th ed.] ; *People* v. *Weed*, 56 N. Y. 628; *People* v. *Pierson*, 18 Hun, 252; *People* v. *Stout*, 4 Park. Cr. 71.) It is competent to show that the prisoner attempted to bribe, or intimidate witnesses. (Wharton's Crim. Ev., §§ 742, 749, 750 [8th ed.] ; *Adams* v. *People*, 9 Hun, 89, 94, 95.) What was at common law a nuisance is not made otherwise by a statute prohibiting it, and giving a new remedy. (2 Colby's Crim. L. 73 ; *Candee* v. *Hayward*, 37 N. Y. 656; *Wetmore* v. *Tracy*, 14 Wend. 250.)

Aɴᴅʀᴇᴡs, J. The indictment charges the plaintiff in error with keeping a disorderly and common bawdy and gambling house, concluding *ad commune nocumentum.* The evidence abundantly sustained the charge, and justified the jury in finding that the defendant kept a house to which gamblers and prostitutes resorted for the purpose of gambling and prostitution.

The court, in the course of the charge, stated to the jury that it was not necessary, to constitute the offense of keeping a disorderly house, that the public should be disturbed by noise, and refused to charge that, in order to convict the defendant of keeping a disorderly house, the jury must find that the house was so kept as to disturb, annoy and disquiet the neighbors and the people passing and repassing the house. An exception was taken to the charge in this respect and to the refusal to charge as requested.

The exception was not well taken. The keeping of a common bawdy or gambling house constitutes the house so kept a disorderly house and an indictable nuisance at common law. (*Rex* v. *Dixon,* 10 Mod. 335; 1 Hawk. P. C. 693.) It is a public offense, for the reason that its direct tendency is to debauch and corrupt the public morals, to encourage idle and dissolute habits and to disturb the public peace. It is not an essential element that it should be so kept that the neighborhood is disturbed by the noise, or that the immoral practices should be open to public observation. The law, it is true, gives a remedy by indictment against those who unduly disturb the quiet of a community by noises which tend to impair the enjoyment of life, but it does not refuse cognizance of those for greater public injuries, which arise from practices which destroy the peace of families and disturb and undermine the foundations of social order and virtue.

The court also charged, that if prostitutes came to the defendant's saloon for the purpose of prostitution, and there consummated their intent, to the knowledge and with the consent of the defendant, the jury should find him guilty. The defendant's counsel excepted, and requested the court to charge that,

in order to find the defendant guilty of keeping a bawdy house, the jury must find that he kept his house for the resort and unlawful commerce of lewd people of both sexes. The court said: "I have charged the jury on that subject, and decline to change my charge; I have substantially so charged;" and exception was taken to the refusal of the court to charge as requested. In this there was no error. If the defendant's house was the resort of prostitutes plying their vocation there, to the knowledge of the defendant, the house was a bawdy house; and this was what in substance the court charged, and the court, in stating that it had charged substantially as requested by the defendant's counsel, gave the defendant the benefit of the definition contained in his request.

The defendant's counsel requested the court to charge that the playing of cards in the defendant's house does not, of itself, make it a gambling house; and the court, in reply, said: "Except that it is the gambling for money that makes it a disorderly house." The defendant's counsel excepted. The request was directed to the point that the mere playing of cards in a house did not constitute the house a gambling house; and the remark of the court, in response to the request, amounted to an assent to this proposition.

The defendant's counsel claims that the remark is to be construed as affirming that if the jury should find that the defendant permitted gaming in his house on a single occasion he could be convicted. But the remark of the court is to be construed in connection with the previous charge and the occasion on which it was made. The court had stated to the jury that if the defendant kept a gambling house, where gamblers resorted to play for money and did so play, to the knowledge of the defendant, he was guilty. The counsel requested the court to charge a specific proposition, which the court substantially consented to, and added the element to which the defendant's request pointed, viz., that the playing must be for money in order to make the house a gambling house. If the defendant desired a specific instruction upon the point now made, he should have requested it. The court had properly defined the

offense of keeping a gambling house, and the remark of the court clearly referred to a house of this character.

These are all the exceptions relied upon by counsel. We think none of them are well taken. and that the conviction should be affirmed.

All concur.

Judgment affirmed.