## STATE *v.* DAME.

In an indictment for maintaining a nuisance in respect of that which in itself is unlawful, it is not necessary to set forth the circumstances which go to make it unlawful.

In an indictment for keeping a disorderly house, it is not necessary to allege or prove the character of the persons who frequent the house.

INDICTMENT, for keeping a disorderly house. The defendant excepted to the refusal of the court to instruct the jury that the charge that women of evil name, fame, and reputation frequented his house is a material part of the indictment; that it is matter of description, and must be proved as alleged.

*Copeland & Edgerly*, for the defendant.

*The Attorney-General* and *Solicitor*, for the state.

STANLEY, J. The validity of the defendant's exception depends on whether there was a variance between the allegations in the indictment and the proof. The indictment was for keeping a disorderly house; and it contained an averment that "in the said house certain evil disposed persons, as well men as women, of evil name, fame, and conversation, to come together, did cause and procure, and the said persons in the said house, at unlawful times, as well in the night as in the day, on the days and times aforesaid, there to be and remain, drinking, tippling, cursing, swearing, quarrelling, and otherwise misbehaving themselves unlawfully, did permit and suffer." If this averment was unnecessary, the request was properly refused. It is necessary to prove matter of description only when the averment, of which the descriptive matter forms a part, is material. Bish. Cr. Prac., ss. 484, 487; *State* v. *Copp*, 15 N. H. 212; *State* v. *Bailey*, 31 N. H. 521; *Rex* v. *May*, 1 Doug. 193; *Rex* v. *Pippett*, 1 T. R. 235.

Rejecting the averment recited, and the indictment charges, with proper allegations of time and place, the keeping of a disorderly house, to the great injury and common nuisance of all the peaceable citizens of the state there residing, inhabiting, and passing, contrary to the statute, &c. The offence is keeping a disorderly house. The allegation rejected is of facts which go to show that the general charge is well founded, or, in other words, a statement of the evidence upon which the charge is based. Hawkins says that "an indictment charging a man with a nuisance in respect of a fact which is lawful in itself, as the erecting of an inn, &c., and only becomes unlawful from the particular circumstances, is insufficient, unless it set forth some circumstances which make it unlawful in its own nature, as keeping a bawdy house." 2 Hawk. P. C.

(ed. 1824) 311. It is no more necessary to allege the facts which go to show it to be a disorderly house, than it is to allege who are disturbed thereby, and this it is said is unnecessary. *King* v. *People*, 83 N. Y. 587. In the case of a common scold, it is not necessary to prove the expressions used. It is sufficient to prove generally that she is always scolding. *J' Anson* v. *Stuart*, 1 T. R. 748, 754; *Rex* v. *Gill*, Russ. & R. 431; *Clark* v. *Periam*, 2 Atk. 339; 1 Russ. Cr. 436; *Rex* v. *Rogier*, 1 B. & C. 272; *Rex* v. *Dixon*, 10 Mod. 326; *Rex* v. *Mason*, 1 Leach (4th ed.) 487, 491, 493; 2 Hawk. P. C., *c*. 25, *s*. 59; Dav. Prec. Ind. 140, 198; *State* v. *Bailey*, 21 N. H. 343; *State* v. *Peirce*, 43 N. H. 276; *State* v. *Dowers*, 45 N. H. 543, 545. The indictment is sufficient if it set out so much of fact as to make the criminal nature of what is charged against the defendant appear. If the thing against which the indictment is aimed is not a nuisance in itself, but becomes so only by reason of particular circumstances, this special matter must be shown (2 Bish. C. L., *s*. 813); but the rule is otherwise if the thing is in itself a nuisance. The averment referred to might have been rejected as surplusage. It was, therefore, not necessary to prove it.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.