Grafton, }
Jan. 6, 1914. }

### STATE v. RALMOND A. BURGESS.

An indictment alleging that the respondent was guilty of lascivious behavior by willfully and unnecessarily exposing his private parts in the view of women is sufficient to charge an offence under section 3, chapter 272, Public Statutes.

An allegation that an offence was committed "willfully and unnecessarily" is sufficient to charge criminal intent.

Section 7, chapter 264, Public Statutes, was intended to punish bathing in exposed places, and has no application to lascivious conduct which is prohibited by section 3, chapter 272, Public Statutes.

INDICTMENT, alleging that the respondent, at a stated time and place, was "guilty of lascivious behavior by then and there willfully and unnecessarily exposing the private parts of the person of him, the said Ralmond A. Burgess, in the view of" three women. Trial by jury and verdict of guilty. Transferred from the April term, 1913, of the superior court by *Chamberlin*, J., on the respondent's exception to the denial of his motion to quash the indictment.

*Edward J. Cummings*, solicitor, for the state.

*James A. Broderick*, for the defendant.

WALKER, J.   The indictment is sufficient.   It is provided in section 3, chapter 272, Public Statutes: "If any person shall be guilty of open, gross lewdness or lascivious behavior, such person shall be imprisoned not exceeding six months and be fined not exceeding two hundred dollars."   The indictment charges in the language of the statute that the respondent was guilty of "lascivious behavior" and specifies what his conduct was at the time alleged, which is clearly sufficient to constitute the offence.   "The indictment is sufficient if it sets out so much of fact as to make the criminal nature of what is charged against the defendant appear." *State* v. *Dame*, 60 N. H. 479, 480.   If, as is claimed, an allegation of intent is essential, it appears in the words "willfully and unnecessarily"; that is, he intended to unnecessarily exhibit his person to the women present.   Verbal and technical refinement in construing the allegations of an indictment which fully and plainly describes an offence is not to be encouraged.

Nor is there any doubt that the offence charged is an offence under the statute above referred to, and not under section 7, chapter 264, Public Statutes, which provides: "No person shall, within the view of a dwelling-house, or of a public road, street, or wharf, in the daytime, without necessity, bathe or swim, nor expose his person indecently in dressing or undressing."   A simple reading of this statute shows that it was intended to apply to bathing in public, and not to lascivious conduct which is prohibited in the other statute.

*Exception overruled.*

All concurred.