Submitted on briefs February 21, affirmed February 27, 1952

## STATE OF OREGON *v.* BOSTWICK

241 P. 2d 108

*Morley & Thomas,* of Lebanon, for appellant.

*Courtney R. Johns,* District Attorney, of Albany, for respondent.

TOOZE, J.

Defendant was indicted by the grand jury of Linn county for the crime of indecent exposure. Upon his plea of "not guilty", a trial was had to a jury. Defendant was convicted and sentenced to imprisonment in the county jail for a term of six months. From that judgment he appeals to this court.

The trial of the case consumed little time, the transcript of testimony consisting of 21 typewritten pages only. Defendant did not testify. Upon the conclusion of the testimony, and after both the State

and defendant had rested, counsel for defendant made the following motion:

"At this time, if the Court please, I move for a voluntary non-suit on the part of the defendant against the State on the grounds and for the reasons that the testimony submitted by the State is insufficient to support the charges in the indictment, and this is particularly true in that the statute provides indecent exposure must be wilful, and I am satisfied the record bears me out that there was no evidence in this entire case that would support a charge of wilful obscene conduct or indecent exposure."

The trial court treated this motion as one for dismissal. The motion was overruled, and defendant was allowed an exception.

Omitting formal parts and allegations, the indictment charges:

"The said William L. Bostwick on the 17th day of April, A.D. 1951, in the County of Linn, State of Oregon, then and there being, did then and there wilfully, unlawfully and lewdly expose the private parts of his person in a public place, to-wit: a public street, City of Albany, in County of Linn, State of Oregon, there being present at said time other persons, who were offended and annoyed thereby * * *."

Section 23-923, OCLA, provides:

"If any person shall willfully and lewdly expose his person or the private parts thereof in any public place, or in any place where there are present other persons to be offended or annoyed thereby, or shall take any part in any model artist exhibition, or make any other exhibition of himself to public view, or to the view of any number of persons, such as is offensive to decency, or is adapted to excite vicious or lewd thoughts or acts, such person, upon conviction thereof, shall be punished * * *."

On this appeal defendant contends that there is no evidence tending to show a criminal intent, or to show that his act was wilful. Defendant in his brief states his position thus:

"It is the position of the defendant in this Appeal as well as in his argument for dismissal at the time of the trial, that the defendant, from the testimony introduced against him, was not shown to have made any overt act or any conscious attempt to annoy anyone, to excite lust, or immoral conduct, or to disturb anyone whatsover. * * * No act was done by him which would indicate that he intentionally exposed himself, or caused a disturbance."

There is evidence in the record that on April 17, 1951, at 9:30 a.m., defendant parked his automobile along the curb on Third street in Albany, Oregon, a couple of blocks from the high school in said city. Defendant remained in the car, and at a few minutes after noon of said day, was seated in the back seat thereof facing the sidewalk. This street is used by high school children going from the school to the city center of Albany. Shortly afternoon of said day, two high school girls were walking along the street on the same side upon which defendant's car was parked. As these girls were passing defendant's car, one of them observed the defendant exposing his genital organs. After the girls passed, defendant was seen watching them through the rear window of his automobile. Immediately thereafter, defendant moved his car, heading it in the opposite direction and parking on the opposite side of the same street. There was additional evidence, but no good purpose will be served by setting it forth. Neither do we feel it necessary or proper to mention the names of the witnesses.

It is obvious defendant was guilty of an overt act in exposing his private parts in broad daylight upon

a public street traversed by high school girls. It may be assumed that such conduct on his part annoyed the girls in question. In any event, that was a jury question.

We are of the opinion that there was substantial evidence from which the jury might well find that defendant's acts were not only wilful, but also that they were performed with lewd, lascivious, and unlawful intent. The question of defendant's guilt was for the jury to determine. There is ample evidence to support the verdict of guilty. No questions of law are involved.

The judgment is affirmed.