## STATE OF CONNECTICUT v. THOMAS H. MORRISON

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-13645

Argued July 16, 1962—decided January 25, 1963

*Irving L. Aronson,* of Manchester, for the appellant (defendant).

*Edward F. Pasiecznik,* assistant prosecuting attorney, for the appellee (state).

GEORGE, J. In a trial to the court, the defendant was found guilty of indecent exposure in violation of § 53-220 of the General Statutes and has appealed. He made four distinct assignments of error, but in his brief argues only two of those assignments. The assignments of error not pursued in the brief are considered abandoned. Maltbie, Conn. App. Proc. § 167.

The defendant assigns error in the conclusion of the court that upon all of the evidence the defendant was guilty of the crime of indecent exposure, and in that the court failed to grant the defendant's motion for a directed verdict, based on the claim that the state did not prove all of the elements of the statute.

On April 3, 1962, at approximately 3:45 p.m., a fifteen-year-old girl was walking with a friend, a seventeen-year-old girl, on Greenfield Street toward Vine Street in Hartford, Connecticut. A black automobile was parked in front of the Agudas Achim Synagogue. As she passed the automobile, she looked into the vehicle and saw that the privates of the defendant were exposed and his pants were pulled down to his knees. The defendant made no gestures to her, but kept looking up and down again at his trousers. The girl continued on her way with her friend, telling her what she had seen. The latter who was then about twenty yards from the parked automobile, looked directly at the man in the front seat of the parked car through the windshield. She recorded the registration number of a 1950 black Oldsmobile, Connecticut registration No. 479-370. She thereafter gave the police a description of the car, including the registration number, which corresponded with that of the defendant's automobile. Later that evening at the police station, she identified the defendant as the occupant of the parked car. A third girl observed the defendant in his car in the area at approximately 2:30 p.m. At the trial, the three girls identified the defendant as the person in the parked car.

The defendant admits arriving in the area of Greenfield Street and Oakland Terrace at approximately 2:45 p.m., parking his car and remaining there for approximately forty minutes. He denies that he exposed himself to any of the witnesses.

Section 53-220 provides that "[a]ny person who, wantonly and indecently, exposes his person" shall be punished. The defendant argues that there was no evidence of any wantonness on his part. "[T]he term 'wantonly' implies turpitude—that the act done is of wilful, wicked purpose. The term 'wilfully' implies that the act is done knowingly and

of stubborn purpose, but not of malice." *State* v. *Massey*, 97 N.C. 465, 468; *North Carolina* v. *Vanderford*, 35 Fed. 282, 287. There was testimony that many children of high school age were in the area at the time and that the defendant could be observed in his car by passersby. The court could have found that the act was committed in a manner which was wanton and that the manner of it constituted the necessary element of wantonness.

The defendant attacks the finding of the court because the evidence was conflicting. There was ample evidence on which the court could find the guilt of the defendant to be established. The credibility to be attached to the testimony of the various witnesses, including the defendant, was exclusively within the discretion of the trial court, and we cannot disturb its conclusion.

The defendant also assigns as error the failure of the court to grant the defendant's motion for a directed verdict. No such motion lies in a trial to the court. Even if the defendant had made the proper motion to dismiss, refusal by the court to grant such a motion would not be assignable as error. *State* v. *Boucher*, 119 Conn. 436, 437; Maltbie, Conn. App. Proc. § 212.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.