George B. SELPH, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 3131, 3132.

District of Columbia Court of Appeals.

Argued Jan. 14, 1963.

Decided Feb. 21, 1963.

O. B. Parker, for appellant.

Joseph G. Hitselberger, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

After a nonjury trial, appellant was found guilty in the Criminal Branch of two charges of indecent exposure. Code, 1961, § 22–1112.

The complaining witness testified she had lived for fourteen months in a U-shaped apartment building. On the first date in question she left for work between 7:15 a. m. and 7:30 a. m. While walking through the court on a sidewalk leading to the street, she looked to her right through two windows in a first-floor apartment and saw appellant in the nude, standing about four feet from the windows, facing the sidewalk which was fifteen to twenty feet from the windows. She observed no movement by appellant. The next morning she saw the same scene. The venetian blinds were lowered half-way so she could see through only the bottom halves of the windows. It took her less than one minute to walk from the rear of the court to the street. She admitted she was nearsighted and that she was not wearing her eye glasses at the time she saw appellant.

Two police officers testified that they had had appellant's two windows under observation on separate occasions following her complaint, but had seen nothing.

Appellant testified he had lived in the apartment house for two years. On the mornings in question he had taken a hot shower in the bathroom and then entered the living room to dress because it was warmer there than in his bedroom where he kept his windows open. He dressed between the two living room windows, which were five feet apart, so he could not be seen from the court. One window is partly obscured by a tree. Although appellant was in the nude before he dressed, he denied he had any intention to expose himself and stated he did not realize he had been seen until he was arrested on the evening of

the third day. Appellant produced several witnesses, including his fiancee, who testified as to his good character and reputation. He had no prior criminal record.

Among the errors claimed by appellant were certain statements to the trial judge by the prosecutor when asked about the absence of a woman who had been with the complaining witness on one occasion. Appellant claims these statements were improper, and we agree, but we need not decide, in view of our disposition of this appeal, whether they constituted reversible error.

■ Before a conviction for indecent exposure can be upheld, it must be shown that the exposure was intentional, not accidental.[1] Ordinary acts involving exposure as a result of carelessness or thoughtlessness, particularly when such acts take place within the privacy of one's home, do not in themselves establish the offense of indecent exposure. As we had occasion to state previously:[2]

> "An exposure becomes indecent when it occurs at such a time and place where a reasonable man knows or should know his act will be open to the observation of others. The required criminal intent is usually established by some action by which a defendant draws attention to his exposed condition or by a display in a place so public that it must be presumed it was intended to be seen by others. However, the defendant must be aware of all those facts which make his conduct criminal. Nudity is not *per se* 'obscene.' It is not illegal for a man to be completely unclothed in his room. It becomes so only if he intentionally exposes himself to other persons." [Footnotes omitted.]

■ We rule that the evidence was insufficient to establish beyond a reasonable doubt that appellant was guilty of the charges of indecent exposure and that he should have been acquitted.

Reversed with instructions to enter judgments of acquittal.

---

1. Peyton v. District of Columbia, D.C. Mun.App., 100 A.2d 36, 37.

2. Hearn v. District of Columbia, D.C.Mun. App., 178 A.2d 434, 437.