STATE OF CONNECTICUT *v.* ALBERT SOUSA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 4-5535

Argued March 2—decided April 2, 1964

*Francis G. Fitzpatrick,* of Waterbury, for the appellant (defendant).

*Donald N. Vitale,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. The information in this case charged the defendant with the crime of indecent exposure in violation of § 53-220 of the General Statutes.[1] The act upon which the defendant was found guilty, after a nonjury trial, occurred on July 10, 1963, at about 11:30 a.m., under these circumstances: The complainant, the state's only witness, is a married woman who, together with her family, occupied the third-floor apartment in premises situated on South Street in Waterbury. She and her daughter were sitting on their front porch, on the south side of the building, when the complainant looked directly across the street and observed the defendant, who resided on the second floor of a building on Madison Street, with his genitals exposed in the act of masturbation. At the time, the blind on his window was pulled up half way; the act complained of, though it occurred wholly within the defendant's apartment, was plainly visible on this clear summer day. The defendant's position was vividly described as "close to the window, right up against it. He was in plain

---

[1] "Sec. 53-220. INDECENT EXPOSURE. Any person who, wantonly and indecently, exposes his person shall be fined not more than one hundred dollars or imprisoned not more than six months or both."

sight of the window." On at least six previous occasions, the defendant had engaged in similar acts under substantially the same circumstances. These acts were all observed by the complaining witness. The defendant neither took the witness stand in his own defense nor offered any evidence in his own behalf.

The sole assignment of error pursued on this appeal is whether upon all the evidence the defendant has been proven guilty beyond a reasonable doubt.

"Indecent exposure is the intentional or negligent indecent exposure of the private parts of the person to the public view. . . . Indecent exposure of person is a criminal offense at common law, and also by virtue of statutory provision in many jurisdictions." 2 Wharton, Criminal Law and Procedure § 784; 67 C.J.S., Obscenity, § 5; note, 93 A.L.R. 996. "No particular definition is given, by the statute, of what constitutes this crime. . . . The common sense of the community, as well as the sense of decency, propriety and morality, which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." *State* v. *Millard,* 18 Vt. 574, 577; *People* v. *Kratz,* 230 Mich. 334, 336. "A close analysis of the cases on the question of indecent exposure indicates that underlying every decision, whether at common law or under the statutes, the conviction of the accused is based on the presence of one of two factors: either (1) the defendant's conduct was lewd and obscene and made with an impure motive, or (2) the conduct was such as, although innocent of purpose, was intentionally done and either offensive to those who saw it, or was or could be visible to the public and was of such a nature as offended the community sense of

decency." Note, 33 Mich. L. Rev. 936, 937; see *Hearn* v. *District of Columbia,* 178 A.2d 434, 438, n.4 (D.C. Mun. App.), and cases cited. Of course, the exposure must be intentional and not merely inadvertent or accidental. *Van Houten* v. *State,* 46 N.J.L. 16, 18; *Case* v. *Commonwealth,* 313 Ky. 374, 376. Criminal intent is an essential ingredient of the offense. *People* v. *Ulman,* 258 App. Div. 262, 263 (N.Y.); *Davenport* v. *United States,* 56 A.2d 851, 852 (D.C. Mun. App.); *Peyton* v. *District of Columbia,* 100 A.2d 36, 37 (D.C. Mun. App.); *Selph* v. *District of Columbia,* 188 A.2d 344, 345 (D.C. Ct. of App.). "While the exposure must be intentional and not accidental, the intent required is only a general one, and need not be directed toward any specific person or persons." *Peyton* v. *District of Columbia,* supra; *Messina* v. *State,* 212 Md. 602, 606. For the most modern thinking on the subject of indecent exposure, see Model Penal Code § 213.5, which provides: "A person commits a misdemeanor if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm." See note, 94 A.L.R.2d 1353.

The main argument of the defendant is that the state failed to prove that he "wantonly" exposed his genitals, as "wantonly" was defined in *State* v. *Morrison,* 2 Conn. Cir. Ct. 443, 444. " 'Wantonness in respect to human conduct is doing a thing recklessly, without regard to . . . the rights of others.' " *State* v. *Goetz,* 83 Conn. 437, 441. "A wanton act is one done 'in reckless disregard of the rights of others ... evincing a reckless indifference to [the] . . . rights of another.' It is 'more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights . . . of others or of the consequences of the action,'

equivalent in its results to wilful misconduct." *Zinman* v. *Whitley*, 110 Conn. 108, 110. This is the meaning intended to be given to the term "wantonly" in *State* v. *Morrison,* supra.

In the case before us, the trial judge properly could have inferred from the testimony that the defendant's conduct—the defendant having acted in the same way on at least six previous occasions—evinced recklessness on his part. *Messina* v. *State,* supra, 607; *Davison* v. *State,* 281 P.2d 196, 197 (Okla. Crim.). Intent may be inferred from recklessness. 67 C.J.S. 26, Obscenity, § 5.

We find no merit to the contention raised by the defendant that the character of his act lacked wantonness because the complaining witness "directed her attention to [his] apartment." If we assume the exposure to have been made, the fact that she directed her attention to his apartment would not take away or affect its criminal character. The offense charged is not against the woman merely; it is against the state; and in some cases it has been held that the consent of the observer would not affect its criminal character. *State* v. *Martin,* 125 Iowa 715, 719; *People* v. *Bixby,* 67 Barb. 221, 222 (N.Y.).

The state made out a prima facie case against the defendant. The trial court was entitled to draw an unfavorable inference from the failure of the defendant to make any explanation or denial. After a careful examination of the entire record, we are satisfied that the guilt of the defendant was proved beyond a reasonable doubt.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.