STATE OF CONNECTICUT *v.* GILES S. WYANT

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 5-8170

Argued May 16—decided June 3, 1966

*M. J. Daly III,* of Waterbury, for the appellant (defendant).

*George J. Yudkin,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. The statute (General Statutes § 53-220) pursuant to which the defendant was prosecuted and convicted reads as follows: "Any person who, wantonly and indecently, exposes his person shall be"

punished. The only error assigned which requires attention is that on all the evidence in the case the defendant could not have been properly found guilty beyond a reasonable doubt. The defendant has filed the evidence to support the assignment. See Practice Book § 995.

The incident out of which this charge arose occurred on or about August 17, 1965, at approximately 1:30 p.m., at the town dump in the town of Oxford. The defendant, while engaged in picking scrap metal, exposed his private parts in broad daylight to four small girls who were playing at the dump. The defendant attracted their attention to his person and addressed the girls in suggestive language. His solicitation frightened the girls. They ran away and hid behind some nearby bushes until the defendant drove off.

In three recent cases before the Appellate Division, we had occasion to consider and define the crime of indecent exposure. *State v. Morrison,* 2 Conn. Cir. Ct. 443; *State v. Sousa,* 2 Conn. Cir. Ct. 452; *State v. McNeil,* 3 Conn. Cir. Ct. 479; see *State v. Bill,* 146 Conn. 693. We deem it unnecessary at this time to reexamine or redefine the elements constituting the crime, except to add: "A fair factual comparison of the many recorded cases involving convictions for similar offenses . . . reveals that although each involved an actual exposure, there was also shown a deliberate intention by each defendant to attract outside attention to his nudity. In each instance the defendant did something to call attention to his nakedness." *Hearn v. District of Columbia,* 178 A.2d 434, 438 (D.C. Mun. App.); see note, 94 A.L.R.2d 1353, supplementing note, 93 A.L.R. 996. We are mindful, moreover, of the fact that "exposure [of the person] being momentary and fleeting, and addressed to the eye, is not

committed when not seen,—a proposition not possible to be tested by the adjudications; for only when it is seen, can there be witnesses to bring it to the attention of a court." 1 Bishop, Criminal Law (9th Ed.) § 1126 (2), p. 829; see *State* v. *Buffano*, 5 N.J. Super. 255, 257. "[B]ecause of the nature of the case and the fact that such charges are so easily made and so difficult to defend against, we have examined the evidence." *Stout* v. *State*, 96 Okla. Crim. 88.

The basic claim on this appeal is that identification of the defendant by the complaining witnesses was not sufficiently established. When the trial of this case commenced on January 10, 1966, some five months after the date of the alleged occurrence, the defendant did not sit at the counsel table because, to use the language of his lawyer, "[I]dentification is a serious question in this case. I prefer he did not [sit at the counsel table]. He is present in court." During the course of the trial, two of the four complaining witnesses promptly and unhesitatingly singled out the defendant as the man who had exposed himself at the Oxford town dump.[1] The court was apparently satisfied with the identification of the defendant and chose not to credit the defendant's version of the events which occurred at the time in question. "That was its province and we cannot disturb its conclusion." *State* v. *Bill,* supra, 696; see *State* v. *Mallette,* 153 Conn. 584, 586, and cases cited.

Having read the record in its entirety, it is obvious to us that the court did not err in concluding that the defendant was guilty of an overt act in exposing his private parts in broad daylight at the

---

[1] The record shows that the defendant "changed his seat from the first to the second seat in this courtroom"; nevertheless, a complaining witness readily and unerringly identified the defendant as the man she had seen at the town dump.

Oxford town dump in the presence of the young complaining witnesses. See *State* v. *Bostwick,* 194 Ore. 85, 87.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.