STATE OF CONNECTICUT *v.* GEORGE J. JAIME, JR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 5-10015

Argued April 17—decided August 11, 1967

*Gerald F. Stevens,* of Milford, for the appellant (defendant).

*George J. Jaser,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant having entered pleas of not guilty to charges of indecent exposure and resisting arrest in violation of § 53-220 and § 53-165, respectively, of the General Statutes, and having been found guilty on each count, has appealed. The defendant has assigned error in his conviction on each count in the denial of his motion to correct the finding, in the court's conclusions and in the conclusion that on all the evidence he was guilty beyond a reasonable doubt. Upon the last

assignments we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. It is therefore unnecessary to consider in detail the claims of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

The following facts were found: On November 17, 1966, at approximately 7:30 p.m., the defendant was operating a motor vehicle in Milford with a seventeen-year-old girl. The defendant and the girl were strangers until the time and place in question. The fly of the defendant's trousers became open and the girl observed that he was wearing white underpants and was shaking his hand in the region of his sexual organ. She realized what he was doing and looked away. The defendant requested the girl to come nearer to him, placed his arm around her neck and ran his hand through her hair. The court concluded the defendant was masturbating and had wantonly and indecently exposed his person. As to the second count, the court found that information was received by a Milford police officer concerning the actions of the defendant, and the officer immediately went to the area where the defendant had parked his car and requested the defendant to accompany him to a confrontation with the girl. As the defendant, accompanied by two police officers, was walking to a store where the girl then was, the defendant ran off. The officers chased him and a scuffle occurred. The defendant was placed under arrest and handcuffed. The defendant was then on the ground and refused to get up. As a result, he was carried to a police car by the officers. The court concluded that the defendant had resisted the officers in the administration of justice while in the execution of their office.

The defendant assigns error in the court's conclusion that there had been an indecent exposure

of the person. Section 53-220 of the General Statutes provides a penalty for one who, "wantonly and indecently, exposes his person." In *State* v. *Sousa*, 2 Conn. Cir. Ct. 452, 454-55, we said: " 'Indecent exposure is the intentional or negligent indecent exposure of the private parts of the person to the public view. . . .' 2 Wharton, Criminal Law and Procedure § 784; . . . For the most modern thinking on the subject of indecent exposure, see Model Penal Code § 213.5, which provides: 'A person commits a misdemeanor if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm.' " In *State* v. *Wyant*, 3 Conn. Cir. Ct. 657, 658, in quoting from *Hearn* v. *District of Columbia*, 178 A.2d 434, 438 (D.C. App.), the court said: " 'A fair factual comparison of the many recorded cases involving convictions for similar offenses . . . reveals that . . . each involved an actual exposure . . . .' " In those cases we have examined, such as *State* v. *Morrison*, 2 Conn. Cir. Ct. 443, *State* v. *Sousa*, supra, *State* v. *McNeil*, 3 Conn. Cir. Ct. 479, *State* v. *Wyant*, supra, *State* v. *Bauguess*, 106 Iowa 107, *Commonwealth* v. *Broadland*, 315 Mass. 20, *People* v. *Kratz*, 230 Mich. 334, *Noblett* v. *Commonwealth*, 194 Va. 241, and others, there has been evidence of the actual exposure of one's person. See 67 C.J.S., Obscenity, § 5; 33 Am. Jur., Lewdness, Indecency and Obscenity, § 7. For an annotation of criminal law predicated upon indecent exposure, see 94 A.L.R.2d 1353. In the instant case, there was no finding of the exposure of the defendant's person. The court found that the defendant was shaking his hand in his pelvic region and further that the complaining witness in looking down observed that the fly of defendant's trousers was open and he was

wearing white underpants. When the witness was asked what she observed in addition to the defendant shaking his hand, she testified, "I just looked quick and saw the white of the underpants and I just kept looking out of the car from then on trying to show him directions." While the conduct of the defendant was lewd and offensive, it did not fairly fall within the ambit of indecent exposure of one's person. Upon all the evidence, it cannot be concluded that the defendant was guilty of this offense beyond a reasonable doubt. Whether the defendant's conduct was such as to bring it within the purview of § 53-175 of the General Statutes in that his actions constituted disorderly conduct is a question not before this court. In this respect see 12 Am. Jur. 2d, Breach of Peace and Disorderly Conduct, § 35.

Error is also assigned in the court's conclusion that the defendant resisted arrest. The defendant contends that until such time as he was actually placed under arrest, his conduct in running away could not be considered as resisting an arrest. There is no question that the officer could make a lawful arrest, relying as he did upon speedy information to justify it. General Statutes § 6-49; *State* v. *DelVecchio,* 149 Conn. 567, 574. The defendant volunteered to accompany the officer for purposes of confrontation with the complaining witness. When he suddenly ran away, his flight, together with other particulars just related to the officer added greater credence to the speedy information. See *State* v. *Chin Lung,* 106 Conn. 701, 714; 1 Wharton, Criminal Evidence (12th Ed.) § 140. During the tussle accompanying his apprehension, the defendant was placed under arrest. Officer McMullen on direct examination testified: "He resisted us to the extent of us placing our hands on him. We grabbed ahold of him and then he laid down on the

ground and refused to get up. We informed him he was under arrest and we attempted to place handcuffs on him which we did, then he still wouldn't get up so the two of us, the other officer and myself had to bodily pick him up and carry him." It is evident that following a lawful arrest the defendant attempted to resist and obstruct the officers and in so doing violated § 53-165 of the General Statutes. See *State* v. *Voelkel*, 2 Conn. Cir. Ct. 459, 468, and cases cited. The finding of the court in this respect adequately supports its conclusion of guilt on this count.

There is no error as to the second count; there is error as to the first count; the case is remanded with direction to modify the judgment as to the first count to adjudge the defendant not guilty on that count.

In this opinion KOSICKI and KINMONTH, Js., concurred.