STATE OF CONNECTICUT *v.* ALBERT SHERWOOD

FILE No. CR 14-85831

STATE OF CONNECTICUT *v.* ROBERT SHERWOOD

FILE No. CR 14-85832

APPELLATE DIVISION OF THE CIRCUIT COURT

Argued December 16, 1968—decided January 31, 1969

*James W. Sherman,* of Hartford, for the appellants (defendants).

*Cornelius J. Shea,* prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendants, brothers, were tried together on separate informations involving the same charges. The cases were combined for presentation to this court and may be disposed of in a single opinion. Each defendant was charged with breach of the peace and resisting arrest in violation of §§ 53-174 and 53-165, respectively, of the General Statutes. Each defendant was found guilty on each count, and each has appealed on the ground that the court erred in finding that on all the evidence he was guilty of the crimes charged beyond a reasonable doubt. The defendants filed no assignments of error as required by §§ 987 and 989 of the Practice Book, but inasmuch as the appeals set out the ground in the language of § 989 (6) we will consider the appeals on that ground. Thus, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. *State* v. *Salvaggio,* 152 Conn. 716, 717.

The defendants in their briefs and argument before this court for the first time raised the question of the legality of the arrests. There is nothing in the record before us to indicate that these questions were distinctly raised at the trial and ruled upon and decided by the court adversely to the defendants, and since these claimed errors were not included in any assignment of errors it is not necessary to discuss them. Practice Book §§ 652, 1023; *Jeschor* v. *Guilford,* 143 Conn. 152, 156; Maltbie, Conn. App. Proc. § 167; see *State* v. *DiBella,* 157 Conn. 330, 333; *State* v. *Frost,* 105 Conn. 326, 332.

The facts may be stated briefly as follows: On July 2, 1968, at about 11 p.m., both defendants came into a restaurant operated by one Pizzanello and ordered a beer. Shortly thereafter they became boisterous and were ordered to leave. They went

across the street and Pizzanello followed, since he saw a disturbance. Pizzanello saw both defendants having a fight and argument with six or seven other people. At this time an off-duty police officer, in uniform, came on the scene and tried to disperse the group, and the defendant Albert pushed the officer several times. Both defendants were loud and boisterous. The off-duty police officer called headquarters for assistance and left the scene to report in for duty. When police officers, responding to the call, arrived at the scene, the fight had broken up and the defendants were not at the scene. The officers got into their cruiser and soon located the defendants a short distance away and brought them back to the scene, where they asked Pizzanello if these were the two engaged in the fight. As Pizzanello looked into the cruiser, the defendant Albert punched him in the face. While in the cruiser, both defendants were loud and noisy. Pizzanello identified both defendants as being in the fight. The officers then called for a wagon and placed both defendants under arrest for breach of the peace. See *State* v. *Amara,* 152 Conn. 296. The defendants refused to get out of the cruiser and into the wagon. The officers had to drag them out of the cruiser, and they both laid down. Finally, the officers had to carry them to the wagon. The defendants were then charged with resisting arrest. Neither defendant took the stand to testify.

From these facts it is clear that both defendants took part in a disturbance, although Albert was the prime aggressor. (It should be noted that the court took this into consideration in imposing sentence.) Our breach of the peace statute embraces a great variety of conduct which may disturb order and tranquility. Section 53-174 does not define the crime of breach of the peace but merely specifies certain ways of committing it. It may be committed in ways

other than those specified. *State* v. *Cantwell*, 126 Conn. 1, 5, rev'd on other grounds, 310 U.S. 296. It suffices if the alleged offensive act or acts are of such a character that they naturally tend to cause serious disquietude on the part of those in the vicinity. *State* v. *Van Allen*, 140 Conn. 586, 589. As for Albert, it is clear beyond a reasonable doubt that he committed a breach of the peace, in the words of the statute, "by . . . noise or behavior, or by . . . quarreling with, . . . assaulting or striking another . . . ." Although there was no testimony that the defendant Robert struck anyone, there is ample testimony that he was a party to the quarreling and was noisy and boisterous. The acts of the defendants constituted a breach of the peace within the fair intendment of the statute, and the court did not err in finding both defendants guilty.

On the counts of resisting arrest, both defendants had been arrested for breach of the peace when they refused to get out of the cruiser, requiring the officers to drag them from the cruiser. Then they laid down on the ground, and it was necessary for the officers to pick them up bodily and place them in the wagon. It is evident that both defendants attempted to resist and obstruct the officers and in so doing violated § 53-165 of the General Statutes. *State* v. *Jaime*, 4 Conn. Cir. Ct. 530, 534. The finding of the court in this respect adequately supports its conclusion of guilt.

There is no error.

In this opinion WISE and DEARINGTON, Js., concurred.