Concord District Court
No. 95-553

## THE STATE OF NEW HAMPSHIRE

v.

## SCOTT BERGEN

May 23, 1996

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Scott Bergen, was convicted of indecent exposure and lewdness, *see* RSA 645:1, I(a) (Supp. 1995), after a jury trial in Concord District Court (*Robbins*, J.). The defendant appeals, arguing that the trial court improperly instructed the jury that the *mens rea* for a violation of RSA 645:1, I(a) is "recklessly." We reverse and remand.

The defendant entered the women's lingerie department of Bradlee's Department Store on May 10, 1995, looked around to make sure he was not being observed, and then unzipped his pants, exposed his penis, and rubbed it. There were a number of people in the defendant's vicinity, and the view of the aisle in which the defendant was standing was unobstructed. The store's loss prevention detective observed the defendant's conduct on the security camera and immediately called the police. The defendant was then arrested for indecent exposure and lewdness. RSA 645:1, I(a).

The defendant was tried before a jury in Concord District Court. Prior to trial, the court rejected the defendant's proposed instruc-

tion on the elements of RSA 645:1, I(a), which included "purposely" as the *mens rea*. Instead, the court instructed the jury on the elements of indecent exposure and lewdness as follows:

> [T]he elements of the offense are that the defendant exposed his penis under circumstances which he should have known would likely cause affront, and the other element is that the defendant in so doing acted recklessly.

The court then read the definition of "recklessly" contained in the Criminal Code. RSA 626:2, II(c) (1986). The jury returned a verdict of guilty. The defendant argues that the court erred in instructing the jury that "recklessly" is the required *mens rea*, and instead argues that the appropriate mental state is "purposely." *See* RSA 626:2, II(a) (1986). The State concedes that the trial court erred but contends that RSA 645:1, I(a) requires a *mens rea* of "knowingly." *See* RSA 626:2, II(b) (1986).

■ A person is guilty of misdemeanor indecent exposure and lewdness if he "[f]ornicates, exposes his genitals or performs any other act of gross lewdness under circumstances which he should know will likely cause affront or alarm." RSA 645:1, I(a). RSA 645:1, I(a) does not define the requisite *mens rea* necessary for a violation of the statute. "Where a specific mental state is not provided for the offense, we read RSA 626:2, I, as requiring proof of a culpable mental state which is appropriate in light of the nature of the offense and the policy considerations for punishing the conduct in question." *State v. Goodwin*, 140 N.H. 672, 673, 671 A.2d 554, 555 (1996) (quotation omitted).

■ We look to the common law origins of a crime in deciding the requisite *mens rea* when the statute is silent. *See State v. Ayer*, 136 N.H. 191, 194, 612 A.2d 923, 925 (1992). Indecent exposure was considered a general intent crime at common law. *See Messina v. State*, 130 A.2d 578, 580 (Md. 1957). "[T]he offense of indecent exposure must consist of a wilful and intentional act, [and] that element of the offense must always be charged and proved before conviction." Annotation, *Criminal Offense Predicated Upon Indecent Exposure*, 94 A.L.R.2D 1353, 1356 (1964) (discussing cases involving the element of intent in the common law offense of indecent exposure); *see State v. Burgess*, 77 N.H. 170, 171, 89 A. 452, 452 (1914). "The requisite intent on the part of the defendant is a general intent to expose himself, and not an intent to expose himself to any particular individual or in any particular way." 67 C.J.S. *Obscenity* § 11(c) (1978) (footnotes omitted); *see* RSA 626:2, IV (1986) (requiring that "wilfully" be interpreted as "knowingly"

unless "a purpose to impose further requirements appears"); *Ryall v. State*, 321 S.W.2d 809, 811 (Tenn. 1958). The common law concept of general intent corresponds loosely with the Criminal Code's mental state of "knowingly." *See Ayer*, 136 N.H. at 194, 612 A.2d at 925. Therefore, we believe that the "knowingly" *mens rea* most closely matches the mental state required for the crime of indecent exposure at common law.

The defendant points to the legislative history of RSA 645:1, I(a) to support his position that "purposely" is the appropriate *mens rea*. As the basis for RSA 645:1, I(a), the Commission for the Revision of the Criminal Laws cited section 245.00 of the New York Penal Code, which requires that the defendant intentionally expose himself. COMMISSION FOR THE REVISION OF THE CRIMINAL LAWS, REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS § 590:1 comments at 106 (1969); *see* N.Y. Penal Law § 245.00 (McKinney 1989). RSA 645:1, I(a), however, is only similar to the New York statute; it does not mirror the requirements of that State's law. *Compare* N.Y. Penal Law § 245.00 *with* RSA 645:1, I(a).

■ That the crime of indecent exposure is not designed to punish merely accidental or inadvertent exposure supports our holding. *See* 67 C.J.S. *Obscenity* § 11(c). "A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist." RSA 626:2, II(b). In other words, a defendant acts knowingly when he is "aware that it is practically certain that his conduct will cause a prohibited result." *Ayer*, 136 N.H. at 194, 612 A.2d at 925 (quotation omitted). "A person acts purposely with respect to a material element of an offense when his conscious object is to cause the result or engage in the conduct that comprises the element." RSA 626:2, II(a). We do not believe that a particular intent or purpose on the part of the defendant is necessary to protect him from punishment for such accidental exposure. *Cf. State v. Sousa*, 201 A.2d 664, 666 (Conn. Cir. Ct. 1964). Nor does the defendant argue "that charging he acted 'knowingly' rather than 'purposely' does not adequately protect him from criminal prosecution for innocent conduct." *Ayer*, 136 N.H. at 194, 612 A.2d at 925. Therefore, in order for the defendant to be guilty of indecent exposure and lewdness, the State must prove beyond a reasonable doubt that the defendant knowingly "[f]ornicates, exposes his genitals or performs any other act of gross

64

lewdness under circumstances which he should know will likely cause affront or alarm." RSA 645:1, I(a).

*Reversed and remanded.*

All concurred.