# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0645, <u>State of New Hampshire v. Jonathan Nzali</u>, the court on October 2, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jonathan Nzali, appeals his conviction, following a jury trial in Superior Court (<u>Delker</u>, J.), on a charge of felony indecent exposure and lewdness. <u>See</u> RSA 645:1, II(d) (2016). He contends that the trial court erred by admitting evidence of a prior similar act. <u>See</u> <u>N.H. R. Ev.</u> 404(b).

To convict a defendant of indecent exposure and lewdness, the State must prove beyond a reasonable doubt that the defendant knowingly exposed his "genitals . . . under circumstances which he . . . should know will likely cause affront or alarm." RSA 645:1, I (2016); <u>State v. Bergen</u>, 141 N.H. 61, 63 (1996). In this case, the State charged the defendant with exposing his genitals to a student from a stall in the restroom of a university at which the defendant was neither enrolled nor employed. The prior-act evidence established that, approximately two months before the charged act, the defendant exposed his genitals to a different student in the same restroom under nearly identical circumstances.

Before admitting evidence under Rule 404(b), a trial court must first determine that: (1) the evidence is relevant for a purpose other than character or disposition; (2) there is clear proof that the defendant committed the prior act; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant. <u>State v. Thomas</u>, 168 N.H. 589, 599 (2016). The State bears the burden of demonstrating the admissibility of prior acts. <u>Id</u>. We review the trial court's ruling for an unsustainable exercise of discretion and will reverse only if it was clearly untenable or unreasonable to the prejudice of the defendant's case. <u>Id</u>.

On appeal, the defendant challenges only whether the probative value of the prior-act evidence was substantially outweighed by the danger of unfair prejudice. This prong involves the same analysis as that conducted pursuant to Rule 403. <u>State v. Roy</u>, 167 N.H. 276, 288 (2015). We accord considerable deference to the trial court's determination in balancing prejudice and probative value. <u>Thomas</u>, 168 N.H. at 602. Determining the probative value of evidence entails analyzing how relevant it is. <u>Id</u>. We have repeatedly emphasized that whether the evidence is relevant to prove an issue that is actually in serious dispute is particularly important to the calculus. <u>Id</u>. at 603.

The defendant argues that the evidence of his prior act had no probative value because he did not actively contest his intent to expose himself and his intent was inferable from the charged act. However, the trial court admitted the prior-act evidence not for this purpose, but because it was relevant to whether, at the time of the charged act, the defendant should have known that his actions would likely cause affront or alarm.

The defendant acknowledges that his "conduct alone established that the exposure was intentional." However, when the trial court asked, during the hearing on his motion in limine, what his defenses were, he responded that his "acts did not offend people." Thus, whether the defendant should have known that his actions were likely to cause affront or alarm was in serious dispute. See N.H. R. Ev. 404(b) (stating evidence of other acts may be admissible to prove "knowledge").

The defendant's prior act occurred in the same bathroom approximately two months before the charged act, and the defendant's counsel acknowledged that the prior act was "identical" to the charged act. The witness to the prior act testified at the motion in limine hearing that he was "shocked" when the defendant exposed his genitals, and at trial testified that he was "surprised," "taken aback," and "disturbed" by the defendant's actions, that there was "emotional manipulation involved," and that he left the bathroom "[t]o get away from the situation." He explained that, although he did not initially report the prior event, when he heard about the charged event he came forward because he realized that "if it's a repeating incident, then there's got to be more to it. There's got to be some meaning behind it."

The defendant argues that this testimony "had no probative value to prove that [he] should have known that his conduct in the [charged] incident was likely to cause affront or alarm" because of the witness's "lack of any meaningful reaction" to the prior act. However, the witness testified to his reaction to the prior act. Determining what the defendant should have known was within the jury's purview. The defendant argues that the prior-act evidence had little incremental probative value over the evidence of the charged act. However, the record reveals no other evidence bearing directly upon his knowledge of what a person's reaction might be to being confronted by a man exposing his genitals from the stall of a university's restroom.

The trial court found that the prior-act evidence was "highly relevant on intent, which goes to lack of accident." To the extent that the defendant argues that the trial court was referring exclusively to the defendant's intent to expose himself, we disagree. See Thomas, 168 N.H. at 601 (stating that, for purposes of Rule 404(b), "intent" can entail any mental state that the proponent of the evidence is required to prove); Bergen, 141 N.H. at 63 (stating that common law concept of general intent corresponds loosely with the Criminal Code's mental state of "knowingly"). At trial, the court clarified that "knowingly goes to both the

exposure and the affront or alarm" and that the prior act was relevant to what the defendant should have known at the time of the charged act.

Accordingly, we need not address the defendant's arguments that prior-act evidence is not admissible to show intent to commit an act when the defendant does not actively dispute his intent and intent is inferable from the charged act itself. We conclude that the trial court's finding that the prior-act evidence was highly probative of the defendant's knowledge at the time of the charged act was neither unreasonable nor untenable. See Thomas, 168 N.H. at 599.

We next address whether the probative value was substantially outweighed by the danger of unfair prejudice to the defendant. Id. at 602. Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision upon something other than the established propositions in the case. Id. It is not, however, evidence that is merely detrimental to the defendant because it tends to prove guilt. Id.

Although the balancing of prejudice and probative value cannot be reduced to a precise formula, we consider several factors, including: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's sense of resentment or outrage; (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation, or inference; and (4) whether the evidence is relevant to prove an issue that is actually in serious dispute. Id. at 602-03. While evidence of a prior bad act is always prejudicial, the prejudice is frequently outweighed by the probative value of the evidence when the defendant's knowledge is a contested issue in the case. Id. at 603.

In this case, the prior-act evidence would not have had a greater emotional impact upon the jury than the evidence of the charged act because the acts were "extraordinarily similar." See State v. Howe, 159 N.H. 366, 378 (2009) (stating prior act evidence not likely to have greater emotional impact on jury because similar to charged acts). Furthermore, the prior-act evidence was relevant to an issue in serious dispute because whether the defendant should have known that exposing himself was likely to cause affront or alarm was the basis of his defense.

The defendant argues that, because the prior act and the charged act were "extraordinarily similar," the prior-act evidence was "highly prejudicial." See State v. Belonga, 163 N.H. 343, 360 (2012) (stating risk of unfair prejudice increases as degree of similarity between prior act and charged crime increases). However, the defendant did not contest that he exposed himself. Instead, the trial court found that the prior act was "highly relevant" to what he should have known at the time of the charged act. See State v. Smalley, 151 N.H. 193, 200 (2004) (stating that the prejudice associated with a prior act is frequently

3

outweighed by the relevancy of the evidence when a defendant's knowledge is a contested issue).

The defendant argues that the prior-act evidence made it more likely that the jury would conclude that he had a "sexually perverted compulsion to expose himself to male college students" and "punish him for his bad character." However, the defendant declined the trial court's offer to instruct the jury that he was not charged with the prior act and that the evidence could be used only to determine whether he should have known that his actions were likely to cause affront or alarm.

The defendant argues that the State "used the prior incident to argue that [he] has a propensity to commit this type of crime." He points to the State's focus on the witness's reaction to the prior act, rather than on the reaction of the victim of the charged act. However, the State was required to prove that the defendant should have known, at the time of the charged act, that his actions were likely to cause affront or alarm. Thus, the reactions of the witness to the prior act were arguably more relevant than those of the victim of the charged act. The defendant also points to the State's comparison of him to one who lures prey. However, this reference was to the defendant's use of an innocuous request to the victim for a paper towel in order to place the victim in a position to be exposed to the defendant's genitals.

The defendant argues that the State discussed the prior incident "as if it were a charge." However, he did not timely object to any portion of the State's closing. See Broderick v. Watts, 136 N.H. 153, 167 (1992) (stating that, in a civil case, objection to closing argument must be made during or immediately after such closing). Furthermore, the trial court instructed the jury that the State had to prove that the defendant had exposed his genitals to the victim, and the defendant declined a specific instruction limiting the jury's consideration of the prior-act evidence.

Accordingly, we conclude that the trial court did not unsustainably exercise its discretion in finding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to the defendant. See Thomas, 168 N.H. at 603.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

4